McCALEB, Justice.
Appellant was charged, tried and convicted in the Second Municipal Court of New Orleans of acting as a lottery agent and having lottery paraphernalia in his possession, in violation of Sections 1 and 6 of City Ordinance No. 17,884, Commission Council Series, adopted on August 11th 1950. Following the imposition of sentence to pay a fine of $50 or to serve 60 days in jail in default of payment, he appealed here,[1] contending that the penalty is illegal because the city ordinance is unconstitutional and void.
The questions presented by the appeal have been properly raised by motions to quash the affidavit, in arrest of judgment and for a new trial, to the overruling of which appellant reserved bills of exceptions. The specific grounds upon which the legality and constitutionality of the ordinance is challenged are:
(1) That it defines a crime which has not been rendered criminal by the Legislature and, therefore, usurps legislative power not delegated to the city;
(2) That it avoids the necessity of establishment of a corpus delicti and thereby deprives him of fundamental guarantees under the Federal and State constitutions;
(3) That it forces self incrimination in defiance of the State and Federal constitutions, and
(4)That it violates the constitution by requiring a mandatory fine and imprisonment imposed on persons convicted as third offenders, thus interfering with the discretion of the judges of the Municipal Court.
The first of the above outlined claims is the only one which warrants serious consideration; the others are patently without substance and may be disposed of in short order. Thus, the second point, that the ordinance attempts to preclude the establishment of a corpus delicti, is founded on the idea that, since Section 3 declares that possession of lottery tickets or punch board chances shall be prima facie evidence of intent to sell or unlawfully dispose of the same, the City is not required to prove the crime. It suffices to say that the cases are legion upholding statutes making possession of gambling devices prima facie evidence of crime. See Annotation 51 A.L.R. 1158, and State v. Voss, 49 La.Ann. 444, 21 So. 596.
The same is true of the third contention that the ordinance, by making possession of lottery tickets prima facie evidence that they were kept for sale, violates the Federal and State constitutions in that it forces an accused to give evidence in a criminal case. This is but a restatement of the second contention and is fully answered by the authorities above cited.
The fourth point is based on the untenable notion that the Commission Coun *138 cil was without right to provide for a mandatory fine and jail sentence for third offenders. By specific provision of the City Charter, see paragraph 14 of Section 8 of Act No. 159 of 1912, as amended by Act No. 378 of 1948, the City is given authority to impose fines up to $100 and imprisonment not exceeding 90 days.
This leaves for discussion appellant’s initial proposition that the ordinance usurps legislative power not delegated to the City in that it makes it a crime to operate a lottery or to aid and abet in any lottery drawing or act as agent therefor, or possess lottery paraphernalia, whereas, the State statute, Section 90 of the Criminal Code, Act No. 43 of 1942, LSA-R.S. 14:90, punishes only those conducting lotteries as a business.
That the ordinance is of broad import and covers all forms and types of lotteries, without exception, is plainly evidenced by its title.[2] Hence, the question is whether the city had the authority, under the police power delegated to it in its charter, to make criminal all lotteries despite the fact that the Legislature, under Section 90 of the Criminal Code, has seen fit to impose criminal responsibility only in instances where the lottery is operated as a business. It is the contention of counsel for appellant that, when the Legislature enacted the Criminal Code, by which the comprehensive statutes concerning the suppression of lotteries, see Acts Nos. 25 of 1892, 169 of 1894, 280 of 1914 and 12 of the Second Extra Session of 1934, were specifically repealed, it necessarily restricted by implication the authority of the city of New Orleans and other municipalities to enact lottery ordinances of broader scope than Article 90, which makes gambling, including gambling by lottery, punishable as an offense, but only where it is conducted as a business.[3]
In the recent cases of City of Alexandria v. LaCombe, 220 La. 618, 57 So.2d 206, hand *140 ed down on January 14th, 1952, it was held that an ordinance of the 'City of Alexandria, subjecting all gambling, whether conducted as a business or not, to punishment by fine and imprisonment, was ultra vires, being beyond the police power delegated to the city by the Legislature. There, concededly, the city, which had been incorporated under Act No. 136 of 1898, LSA-R.S. 33:401, known as the “Lawrason Act”, had been vested with ample police power to enact ordinances for the suppression of gambling. But this grant was construed by the Court to mean gambling, as defined in Section 90 of the Criminal Code, the rationale being that it would be unreasonable to believe that the Legislature, in the absence of clear and unmistakable language to the contrary, intended to delegate police power to the municipality to redefine and punish gambling of a different sort or type than that made criminal by the lawmakers themselves.
The decision in the City of Alexandria cases would govern the case at bar if the provisions of the charter of the City of New Orleans were similar to the grant contained in the Lawrason Act. But they are not. An examination of the charter of New Orleans, Act No. 159 of 1912, as last amended by Act No. 18 of the Extra Session of 1948, reveals that the police powers granted to the city are contained in paragraphs (d) and (h) of - Section 1. The paragraph particularly pertinent to this case is paragraph (d) which reads, in part, as follows:
“(d) The city of New Orleans shall also have all powers * * * which * * * have been, or could be granted to, or exercised by any city, and shall have power to pass ordinances, and to exercise full police power in connection with any function of municipal government * * * including the right * * to pass ordinances on all subject matters, including subject matters which the Legislature has reserved to itself the right to regulate, but has not regulated, or has not fully regulated, on which the Legislature has reserved to itself the right to legislate, but has not legislated, or has passed general or special laws which do not cover the entire subject matter, and on any and all other subject matters without exception, regardless of whether or not the Legislature has enacted special or general laws upon the same subject matter, subject only to the limitation that the provisions of said ordinances shall not directly conflict with the provisions of any state laws upon the same subject matter.” (Emphasis ours.)
It is seen from the foregoing that the city of New Orleans has been invested with sweeping police power, entitling it to legislate on all matters affecting, the community irrespective of whether the Legislature has *142 legislated thereon and subject only to the single proviso that the ordinances of the city shall not directly conflict with the provisions of any state laws on the same matter. Thus, since it appears that the city is given the power to adopt ordinances for the suppression of lotteries, even though the Legislature itself has passed general and special laws concerning the same subject, it is difficult to perceive that the city ordinance is amenable to a charge that it is in direct conflict with the state law unless the latter can be regarded as covering “the entire subject matter”.
The Legislature is indubitably vested with plenary power to enact penal laws for the suppression of lotteries of all kinds and conducted for any purpose. Indeed, the Constitution itself, Section 8 of Article 19, declares that “Lotteries and the sale of lottery tickets are prohibited in this State.” However, in the enactment of Article 90 of the Criminal Code making it an offense to gamble, by lottery or otherwise, when conducted as a business, the Legislature did not see fit to exert its full power and cover the entire subject matter, as it could have done. But its decision in this respect did not detract or withdraw the charter right of the City of New Orleans to pass laws covering the entire field of lottery suppression and its action, in so doing, does not, directly or otherwise, conflict with the state law on the subject.
The conviction and sentence are affirmed.

. It is because of appellant’s claim that the penalty imposed under the ordinance is illegal and unconstitutional that this Court is vested with appellate jurisdiction under the specific provisions of Section 10 of Article 7 of the Constitution.

. It reads: “An Ordinance to suppress lotteries; to prohibit and punish the promotion; setting up or drawing of any lottery; to prohibit and punish the sale of lottery tickets or bonds or shares of stocks in any lottery company; to prohibit the keeping of a lottery office; to prohibit the sale of chances on any punch boards; to prohibit the acting as agent, manager, promoter, employee, aider or abettor of any lottery drawing; the furnishing or renting of any room, house, premises or vehicle to be used for lottery purposes or for the sale of chances on punch boards; to provide for the confiscation, destruction or sale of all property, paraphernalia and equipment seized under this ordinance; to prescribe penalties therefor, and to make certain regulations concerning the evidence to be adduced from the trial of causes under this ordinance; and repealing all ordinances or parts of ordinances in conflict herewith, and particularly Ordinance No. 16,914 c.c.s:

. Article 90 of the Criminal Code, LSA-R.S. 14:90, defines gambling as follows: “Gambling is the intentional conducting, or directly assisting in the conducting, as a business, of any game, contest, lottery, or contrivance whereby a person risks the loss of anything of value in order to realize a profit.”