SUMMERS, Justice.
Relator William P. McAllister was charged as a vagrant as defined by Section 42-85 of Ordinance No. 828 M.C.S., known as the Code of the City of New Orleans of 1956, as amended. Section 42-85, defining *408 the offense, does not provide a penalty. Section 1-6 of the same Code provides that when no specific penalty is provided for offenses under the Code, the offense “shall he punished by a fine not exceeding one hundred dollars or by imprisonment for not more than ninety days or both such fine and imprisonment.” This punishment, therefore, applies to prosecutions for vagrancy in the Municipal Courts of New Orleans.
On this authority, relator was tried in the Second Municipal Court on March 14, 1969. He was found guilty and sentenced to pay a fine of one hundred dollars and to imprisonment for seventy-five days, and, in default of the payment of the fine, to imprisonment for an additional fifteen days. Because he was indigent he could not pay his fine and he was imprisoned. He then made application for a writ of habeas corpus to the Criminal District Court of Orleans Parish. A hearing was had on the application, and the writ was denied. On application to this court, on several grounds for writs to review the proceedings, a writ was granted. We limited review to the assignment of error involving an allegation that the municipal court judge erred in imposing an excessive sentence. The contention is grounded upon the argument that the sentence was contrary to the limitation on penalties which municipalities may impose for vagrancy contained in Section 4874 of Title 33 of the Revised Statutes of Louisiana. That enactment provides:
Municipalities and police juries may adopt ordinances punishing vagrancy by a fine of not less than ten dollars nor more than thirty dollars, or by an imprisonment of not less than ten days nor more than thirty days, or both at the discretion of the court.
Relator maintains that this legislative enactment limiting the punishment municipalities may impose for vagrancy is a general law, and the Constitution, in granting the City the right and authority to adopt and enforce police and other regulations, does not permit the City to contravene the State’s general law. The pertinent constitutional provision declares: “The City of New Orleans shall, however, not exercise any power or authority which is inconsistent or in conflict with any general law.” La.Const. art. 14, § 22, par. 3.
The City replies that the sentence imposed is authorized by the Act incorporating the City of New Orleans (Act 159 of 1912 as amended by Section 8 (14) of Act 338 of 1936) and by the City’s Home Rule Charter adopted pursuant to Section 22 of Article XIV of the Constitution of this State.
The Act incorporating the City of New Orleans, as amended, contains a grant of general power to the City to pass Ordinances “subject only to the limitation that *410 the provisions of said ordinances shall not directly conflict with the provisions of any state laws upon the same subject matter.” Act 338 of 1936, Sec. 1(d). The Act further provides:
The Commission Council shall have the power to punish for violations of ordinances, by fine up to One Hundred Dollars ($100.00), and imprisonment in the Municipal Jail or House of Detention, or on Parish Farm, for terms not to exceed ninety (90) days, and may provide and fix the costs of court to be paid by persons convicted. Act 338 of 1936, Sec. 8 (14).
The City’s Home Rule Charter, effective May 1, 1954, provides, in pertinent part, in Section 9-306 thereof:
The Council shall by ordinance provide for punishment of willful violations of any provisions of this Charter and may provide for punishment of violations of ordinances, rules and regulations, but it shall not provide for fines of more than one hundred dollars nor for imprisonment for more than ninety days, or both * * *.
In addition, the Home Rule Charter contains a saving clause which permits the City to retain all powers theretofore delegated to it which were not in conflict with or modified by adoption of the 1954 Charter, viz.:
The City shall retain, to the extent as if herein repeated, all rights, powers, privileges and authority that it has or could claim under the law of this State at the time of the adoption hereof, except as herein expressly modified. (Emphasis added.) Art. II, Sec. 2-101 of the Home Rule Charter of the City of New Orleans (1954).
By Paragraph 6 of Section 22 of Article XIV of the Constitution, the Legislature is prohibited, subsequent to the Regular Session of 1950, from amending, modifying or repealing the Home Rule Charter of the City of New Orleans “other than by general law which uniformly applies, both in terms and in effect, to all cities of the State.” (Emphasis added.)
The City argues that Act 159 of 1912 incorporating the City was amended by Section 8 (14) of Act 338 of 1936 to specifically confer upon the City “the power to punish for violations of ordinances, by fine up to One Hundred Dollars ($100.00), and imprisonment * * * for terms not to exceed ninety (90) days.” Thereafter, when Section 22 of Article XIV of the Constitution was enacted designating Act 159 of 1912, as amended, as the existing charter of the City and authorizing the adoption in the future of another Home Rule Charter, Act 338 of 1936 and its amendments remained in effect.
In 1952 when the City held a referendum to adopt a new charter to be effective in 1954 and the new charter was adopted, the, provisions of Act 338 of 1936, insofar as *412 they did not conflict with the new charter, continued in effect by virtue of the saving clause in Article II, Section 2-101, whereby the City retained the power and authority formerly delegated to it by Act 338 of 1936 and its amendments, since that authority and power were neither in conflict with nor modified by the newly adopted charter.
To this extent the City’s argument is valid and we believe the City is generally authorized to impose sentences for infraction of its ordinances by fines ttp to one hundred dollars and imprisonment for terms not to exceed ninety days. This power and authority, however, is the maximum penalty the City may impose which is “subject only to the limitation that the provisions of said ordinances shall not directly' conflict with the provisions of any state laws upon the same subject matter” as provided in Section 1 (d) of Act 338 of 1936.
This general authority of the City to enact ordinances in, the exercise of its police power is further circumscribed by Section 22 of Article XIV of the Constitution, which declares that the City shall “not exercise .any power or authority which is inconsistent or in conflict with any general law.” This clear and unmistakable intention expressed by the Legislature and. in the Constitution to subject the City to the general law of the State, is further made manifest by the provisions of Paragraph 6 of Section 22 of Article XIV of the Constitution prohibiting the Legislature from amending, modifying or repealing the New Orleans Home Rule Charter “other than by general laws which uniformly apply, both in terms and effect, to all cities of the State.” It is our opinion that Section 4874 of Title 33 of the Revised Statutes, imposing a limitation upon the penalties municipalities may impose for vagrancy not to exceed a fine of thirty dollars or imprisonment of thirty days or both, is a general law. This much the City concedes.
In the light of the legislative and constitutional provisions requiring that the City’s authority be limited by the general law of the State, the City may not adopt ordinances transcending this general law dealing with punishment for vagrancy. Section 4874 of Title 33 of the Revised Statutes is a law limiting the authority of all municipalities within the State, and its clarity leaves no room to support an exception in favor of the City of New Orleans.
The conclusion we have reached is supported by reference to Acts 178 of, 1904 and 205 of 1908, the source provisions of Section 4874 of Title 33 of the Revised Statutes. Each of these source provisions declares in its title that the legislation has as its object and purpose “to provide within what limits of penalty such ordinances (municipal and police jury) shall punish vagrants.” • (Parentheses added.)
*414 The City contends that the subsequent enactment of Section 8(14) of Act 338 of 1936, with its general repealing clause authorizing the' City to impose more severe penalties than those authorized in Section 4874 of Title 33, was an extraordinary “special legislative grant of authority” to the City of New Orleans made necessary because of the City’s size and location and these extraordinary powers supersede the State’s general law. Reliance is had upon Mouledoux et al. v. Maestri et al., 197 La. 525, 2 So.2d 11 (1941), to sustain this contention. The argument would possibly be meritorious were it not for Section 1(d) of Act 338 of 1936, the very act relied upon to confer the extraordinary powers. Section 1(d) ■emphatically states that the provisions of the city ordinances enacted pursuant to the authority delegated in Act 338 of 1936 “shall not conflict with the provisions of any state laws upon the same subject matter.”
The conflict is obvious between the limitation of thirty dollars or thirty days as a maximum punishment municipalities may impose for vagrancy contained in Section ■4874 of Title 33 of the Revised Statutes, the State’s general law, and the fine of one hundred dollars and imprisonment for seventy-five days imposed upon relator pursuant to the authority of Section 1-6 of the •Code of thé City of New Orleans, enacted pursuant to Section 8(14) of Act 338 of 1936 and Section 9-306 o’f the Home Rule Charter of the City of New Orleans effective May 1, 1954. Cf. City of New Orleans v. Stone, 221 La. 133, 58 So.2d 736 (1952), and City of Alexandria v. LaCombe, 220 La. 618, 57 So.2d 206 (1952). Since the provisions of Section 8(14) of Act 338 of 1936 and Section 9-306 of the Home Rule Charter only provide the maximum limits to penalties which may be imposed for infraction of municipal ordinances, imposition of a lesser penalty in -conformity with Section 4874 of Title 33 of the Revised Statutes, which provides specific penalty limitations for vagrancy, is authorized by Section 1-6 of the Code of the City of New Orleans.
We hold, therefore, 'that insofar as this vagrancy prosecution is concerned, the penalty imposed is excessive, and it is annulled and set aside. Relator is accordingly remanded to the Second Municipal Court for the City of New Orleans for sentencing in accordance with Section 4874 -of Title 33 of the Revised Statutes of Louisiana.