# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-117

**VERMILION PARISH POLICE JURY**

**VERSUS**

**MED-EXPRESS AMBULANCE SERVICE, INC.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 78580
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE
\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and J. David Painter, Judges.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**Richard Allen Sherburne, Jr.**
**Julie A. Fusilier**
**Jonathan C. Augustine, L.C.**
**Middleberg, Riddle & Gianna**
**450 Laurel Street - Suite 1101**
**Baton Rouge, LA 70801**
**Telephone: (225) 381-7700**
**COUNSEL FOR:**
> Secondary Defendant/Appellant - Med-Express Ambulance Service, Inc.

**Paul G. Moresi, III**
**P. O. Box 1140**
**Abbeville, LA 70511-1140**
**Telephone: (337) 898-0111**
**COUNSEL FOR:**
> Plaintiff/Appellant - Vermilion Parish Police Jury

**Alvin John Herbert, III**
**Middleberg, Riddle & Gianna**
**201 St. Charles Avenue - 31st Floor**
**New Orleans, LA 70170-3100**
**Telephone: (504) 525-7200**
**COUNSEL FOR:**
    **Secondary Defendant/Appellant - Med-Express Ambulance Service, Inc.**

**Donald R. Cravins**
**Domengeaux, Wright, Roy & Edwards**
**P. O. Box 3668**
**Lafayette, LA 70502**
**Telephone: (337) 233-3033**
**COUNSEL FOR:**
    **Secondary Defendant/Appellant - Med-Express Ambulance Service, Inc.**

THIBODEAUX, Chief Judge.

Vermilion Parish Police Jury (VPPJ) instituted a suit against defendant, Med-Express Ambulance Service (Med-Express), to enforce a monetary fine for violation of a parish ordinance. Med-Express filed a motion for summary judgment challenging the validity of the ordinance in light of a preemptive state statute. The trial court granted the summary judgment in favor of Med-Express, and assessed a $500.00 fine. Both parties appeal this decision. We affirm the summary judgment. However, because the issue of a penalty was not properly before the trial court, we reverse the assessment of the $500.00 fine and remand to the trial court for consideration of a penalty assessment once the issue is properly brought before it.

I.

## ISSUES

We will consider whether the trial court erred in granting a summary judgment due to conflict between the Vermilion Parish Ordinance #2001-O-15 and La.R.S. 33:1243(A)(1), a statute that sets forth the maximum penalties a police jury can assess; and, whether the trial court erred in assessing a $500.00 fine.

II.

## FACTS

Med-Express operated a private ambulance service in Vermilion Parish from June 9, 2000, through June 11, 2002. In order to provide ambulance services, a permit must be issued by the police jury. On September 4, 2001, VPPJ adopted Ordinance #2001-O-15 (Ordinance) which regulated private ambulance services, and placed an obligation on any permit holder to provide services to the parish for the entire year the permit was valid. To ensure this obligation was upheld, a penalty

1

provision was inserted into the Ordinance, and provided a maximum penalty of $1,000.00 per day against any ambulance provider that failed to provide service for the entire year.

Med-Express was aware of this provision of the Ordinance. It applied for a permit to operate in Vermilion Parish for the year 2002. The permit was granted. In June 2002, Med-Express and Acadian Ambulance Services, Inc., another private ambulance service provider, entered into a non-compete agreement which required Med-Express to cease operations in Vermilion Parish. On June 5, 2002, Med-Express informed VPPJ that it would discontinue providing ambulance service on June 11, 2002. VPPJ revoked the permit and gave notice of its intent to enforce the penalty provision. The VPPJ imposed the maximum of $1,000.00 per day from June 11, 2002 until the expiration of the permit on December 31, 2002.

After a failure to comply with a written demand, VPPJ instituted this suit against Med-Express for enforcement of the penalty provision. Med-Express filed a motion for summary judgment, challenging the validity of the penalty provision. The trial court granted the motion for summary judgment. It found that the Ordinance conflicted with La.R.S. 33:1243(A)(1) and was, therefore, unenforceable. The trial court also ordered Med-Express to pay a fine of $500.00. It is from this judgment both parties appeal.

III.

**LAW AND DISCUSSION**

A summary judgment shall be rendered if the pleadings, depositions, interrogatory responses, and admissions, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). This court reviews summary judgments

2

*de novo* applying the same criteria as the trial court to determine whether summary judgment is appropriate. *Schroeder v. Bd. of Sup'rs,* 591 So.2d 342 (La.1991).

### Conflict with La.R.S. 33:1243(A)(1)

After reviewing the record, Med-Express is entitled to a summary judgement as a matter of law. "[T]he governing authority of a local governmental subdivision which has no home rule charter or plan of government may exercise any power and perform any function necessary, requisite, or proper for the management of its affairs, *not denied by its charter or by general law . . . .*" La.Const. art. 6, § 7(a) (Emphasis added). Furthermore, "[a] police jury in this State is a creature and subordinate political subdivision of the State and as such only possesses those powers conferred by the State Constitution and statutes." *Rollins Env. Serv's of Louisiana, Inc. v. Iberville Parish Police Jury,* 371 So.2d 1127, 1131 (La.1979).

The supreme court addressed a similar issue in *McAllister v. City of New Orleans,* 231 So.2d 368 (La.1970), where the city's ordinance imposed a higher fine and a greater imprisonment time for vagrancy than La.R.S. 33:4874, a statute that set the limitation for punishment for vagrancy that can be imposed by a police jury. The *McAllister* court explained that:

> In the light of the legislative and constitutional provisions requiring that the City's authority be limited by the general law of the State, the City may not adopt ordinances transcending this general law dealing with punishment for vagrancy. Section 4874 of Title 33 of the Revised Statutes is a law limiting the authority of all municipalities within the State, and its clarity leaves no room to support an exception. . . .

*Id*. at 412. Thus, the supreme court annulled and set aside the penalty imposed.

In this case, La.R.S. 33:1243(A)(1), the State's *general law*, sets forth the limitation for maximum penalties for which a Police Jury can impose and states:

3

"In any parish with a population of four hundred twenty-five or less, the maximum penalty which may be imposed for violation of any parish ordinance shall be a fine of five hundred dollars and imprisonment of thirty days in the parish jail." Here, the Ordinance provided for a maximum penalty of $1,000.00 per day against any ambulance provider that failed to provide service for the entire year, more than the $500.00 allowed by the statute. VPPJ demanded the maximum penalty per day from June 11, 2002 until the expiration of the permit on December 31, 2002, totaling $204,000.00. There is an obvious conflict with the Ordinance at issue and La.R.S. 33:1243(A)(1);[1] therefore, the penalty provision of the Ordinance is unenforceable as a matter of law.

In view of our findings, it is unnecessary to discuss VPPJ's remaining argument of detrimental reliance. Section VI(e) of the Ordinance is void ab initio; therefore, detrimental reliance is a non-issue. We also note that our findings are based on statutory grounds, and therefore it is unnecessary to address Med-Express's constitutional arguments.

### *Court-Imposed Fine*

After reviewing the record , we reverse the trial court's imposition of a $500.00 fine. This issue was not properly before the trial court at a hearing for summary judgment where the sole issue was whether the penalty provision of the Ordinance was enforceable. The issue of a penalty assessment was not presented to the trial court, and must be addressed in another setting based upon a trial on the merits under La.R.S. 33:1243(A)(1).

---

[1]VPPJ vigorously argues that the more specific statutes, La.R.S. 33:1236 and La.R.S. 33:4791.1 take precedence over the more general statute, La.R.S. 1243(A)(1). We are cognizant of this assertion. A discussion of this position is unnecessary to a resolution of this case because the penal provision of the Ordinance clearly conflicts with preemptive state law. The Ordinance's provision must be in conformity with state law. It was not.

IV.

**CONCLUSION**

For the foregoing reasons, we affirm the trial court's ruling granting the motion for summary judgment. We reverse the imposition of the $500.00 penalty and remand to the trial court for the appropriate consideration of a penalty assessment. All costs of this appeal are assessed to the plaintiff, Vermilion Parish Police Jury.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**.