244 So.2d 834

**CITY OF NEW ORLEANS, Plaintiff-Respondent,**

v.

**Clark HARRISON, Defendant-Relator.**

**No. 51082.**

Feb. 24, 1971.

Dissenting Opinion March 5, 1971.

Jerome M. Winsberg, New Orleans, for defendant-appellant.

Blake G. Arata, City Atty., Charles R. Ward, Gerald J. Hansen, Asst. City Attys., for plaintiff-appellee.

TATE, Justice.

The issue before us is whether a recent state enactment, Act 233 of 1970, has de-

prived the Traffic Court of New Orleans of its jurisdiction to try offenses based on operating a vehicle while intoxicated.

The defendant Harrison is charged with "driving while intoxicated" in violation of an ordinance of the City of New Orleans. He files a motion to quash the prosecution in the Traffic Court of New Orleans on the ground that this tribunal is deprived of jurisdiction to try the offense by Act 233 of 1970 (La.R.S. 13:1894.1). The trial court held this statute unconstitutional and overruled the motion. We granted certiorari because of the important public question involved. 257 La. 445, 242 So.2d 574.

Act 233 provides that, notwithstanding any other provision of law, all prosecutions in municipal or local courts based on the operation of a vehicle by a person while intoxicated shall be solely under the provisions of a state statute (La.R.S. 14:98) which provides criminal penalties for driving while intoxicated.[1]

The Traffic Court of New Orleans is constitutionally created. La. Constitution, Art. VII, Sec. 94, subd. II (as amended in 1948 and 1952). The constitution provides:

"The jurisdiction of said Court *shall* extend to the trial of offenses against Ordinances of the City of New Orleans regulating traffic upon the public streets of the City of New Orleans; *it shall have no other jurisdiction.*" Art. VII, Sec. 94, subd. II(e). (Italics ours.)

The argument is thus made that the present prosecution in the Traffic Court should be quashed because, under Act 233, all prosecutions for the offense charged must be under the state statute, not the municipal ordinance upon which the present prosecution is based. The effect of sustaining this contention is to deprive the Traffic Court of all jurisdiction to try driving-while-intoxicated cases, because, by the constitutional provision creating it, this court has jurisdiction only to try violations of municipal ordinances.

No issue is raised as to the power of the City of New Orleans to adopt its ordinance providing for criminal sanctions for driving while intoxicated. Hence, the sole issue before us now is whether the legislature may prohibit the Traffic Court from exercising its constitutional jurisdiction to try such a violation of a munici-

---

1. Act 233 pertinently provides: "Notwithstanding any other provision of law to the contrary, including the provisions of R.S. 13:1871, on and after the effective date of this section [July 29, 1970] all prosecutions in any city, parish or municipal court based on or arising out of

the operation of a vehicle by a person while intoxicated shall be charged and prosecuted solely under the provisions of R.S. 14:98. * * *"
La.R.S. 13:1871 in effect provides that a general statute regulating city courts does not apply to New Orleans.

pal ordinance regulating traffic offenses in the City.

■■■ We hold that the legislature may not deprive a court of jurisdiction conferred upon it by the state constitution. We therefore affirm the ruling of the trial court that Act 233 is unconstitutional insofar as it attempts to do so with regard to the Traffic Court of New Orleans. The trial court correctly overruled the motion to quash the present prosecution.

It should be stated that the present statute, Act 233, was a companion enactment to Acts 714 and 730 of the 1970 legislature. These latter proposed constitutional amendments to permit the Traffic Court to exercise jurisdiction over violations of criminal laws of the state punishing the operation of a vehicle while intoxicated. However, these constitutional enactments failed to gain the approval of the people in the general election of November, 1970.

Thus, Act 233, which was intended to be contingent upon the success of these constitutional amendments, remained as an enactment without constitutional authority for its intended effect not to disrupt prosecution of driving-while-intoxicated cases in the Traffic Court of New Orleans.

For the foregoing reasons, we affirm the judgment of the trial court overruling the motion to quash the present prosecution and holding Act 233 of 1970 (La.R.S. 13:-1894.1) unconstitutional insofar as regulating the Traffic Court of New Orleans in similar cases.

Affirmed.

SUMMERS, J., dissents and assigns reasons.

BARHAM, J., concurs.

SUMMERS, Justice (dissenting).

Clark Harrison was charged on October 25, 1970 in the Traffic Court of New Orleans with the crime of "driving while intoxicated" as defined and punished by Section 38–110 of the Code of the City of New Orleans.[1] He was arraigned and en-

---

1. Code of the City of New Orleans, Sec. 38–110:

"*Operating a vehicle while intoxicated* is the operation of or having under his actual physical control any motor vehicle, aircraft, watercraft or other means of conveyance by a person under the influence of intoxicating liquor or beverages, or narcotic drugs; or under the influence of any drug that affects adversely the efficiency of the driver.

"Whoever is convicted of operating a vehicle while intoxicated, upon the first conviction shall be fined not less than seventy-five dollars ($75.00) or imprisoned for not more than ninety (90) days or both.

"Upon a second conviction within five (5) years of a prior conviction, an offender convicted of operating a vehicle while intoxicated shall be fined not less than one hundred dollars ($100.00) and

tered a plea of "not guilty". On December 8, 1970, the day assigned for trial, Harrison, through counsel, filed a motion to quash the charge, alleging that since enactment of Act 233 of 1970 (La.R.S. 13:1894.1) the Traffic Court of New Orleans was without power or authority to try prosecutions against persons for violating city ordinances which prohibited the driving of vehicles while intoxicated. Those offenses, he alleged, were, since enactment of Act 233 of 1970, required to be prosecuted under the provisions of state law as enunciated in Article 98 of the State's Criminal Code (La.R.S. 14:98).[2]

The City answered contending that Act 233 was unconstitutional, and the trial judge declared the Act unconstitutional. Its judgment is before us for review.

The controverted legislation, which the majority has declared unconstitutional, provides:

Section 1. Section 1894.1 of Title 13 of the Louisiana Revised Statutes of 1950 is hereby enacted to read as follows:

§ 1894.1 Driving while intoxicated, prosecutions for violation required to be filed under general state law

Notwithstanding any other provision of law to the contrary, including the provi-

---

shall be imprisoned for not less than thirty (30) days.

Upon a third or subsequent conviction, an offender convicted of operating a vehicle while intoxicated shall be fined not less than one hundred dollars ($100.00) and shall be imprisoned for not less than sixty (60) days. (M.C.S., Ord. No. 3816, § 1, 6-6-68.)"

2. La.Criminal Code art. 98:

"A. Operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, vessel or other means of conveyance while under the influence of alcoholic beverages, narcotic drugs, central nervous system stimulants, hallucinogenic drugs or barbiturates.

"B. Whoever operates a vehicle while intoxicated is guilty of a crime and upon conviction shall be fined not less than one hundred twenty-five dollars and not more than four hundred dollars or imprisoned

in the parish jail for not less than thirty days nor more than six months or both.

"C. On a second conviction, the offender shall be fined not less than one hundred twenty-five dollars nor more than five hundred dollars and shall be imprisoned for not less than one hundred twenty-five days nor more than six months.

"D. On a third conviction, the offender shall be imprisoned at hard labor for not less than one year nor more than five years.

"E. On a fourth conviction, the offender shall be sentenced to imprisonment at hard labor for not less than ten nor more than thirty years.

"F. Provided that any offense under this statute committed more than five years prior to the commission of the crime for which the defendant is being tried shall not be considered in the assessment of penalties hereunder."

sions of R.S. 13:1871, on and after the effective date of this section all prosecutions in any city, parish or municipal court based on or arising out of the operation of a vehicle by a person while intoxicated shall be charged and prosecuted solely under the provisions of R.S. 14:98. Any conviction for a first or second offense or the entry of a plea of guilty and sentence based on such plea or the forfeiture of bail of any person having been charged with a first or second violation of R.S. 14:98 in any such city, parish or municipal court shall be punishable in accordance with the provisions of R.S. 14:98(B) or (C), whichever is applicable.

For the purposes of this section all city, parish and municipal courts, shall have concurrent jurisdiction with the district courts over violations otherwise subject to their jurisdiction provided for by R.S. 14:98 except in those cases wherein the person or defendant is charged as a third or subsequent offender under the provisions of R.S. 14:98(D) and (E). If the charge is for a third or subsequent offense the prosecution shall be had only in the district court and the defendant shall have the right to a trial by jury. Provided however that mayors' courts shall have no jurisdiction whatsoever over violations as provided for by R.S. 14:98, nor to the trial of offenses against municipal ordinances relative to prosecu-

tions on charges of driving while intoxicated.

Notwithstanding the provisions of R.S. 13:1898, or any other law to the contrary, all fines, forfeitures and penalties, exclusive of costs, collected in city, parish and municipal courts on account of violations of R.S. 14:98 shall be paid into the city treasury or as otherwise provided by law when the prosecution is filed under said section for a violation occurring within the territorial limits of the city or municipality; provided, however, that in the event a violation of R.S. 14:98 is charged and such violation occurred within the territorial limits of a municipality not having a city court, all said fines, forfeitures and penalties collected by the district court wherein said prosecution is actually brought shall be distributed and disbursed by said court to the governing authority of the municipality within whose boundaries said violation occurred. When such prosecution is brought for a violation occurring outside of the territorial limits of said city or municipality then said collections shall be payable to the governing authority of the parish or as otherwise provided by law; provided, however, that in the case of all such charges filed in a parish court, said funds shall be payable to the parish or as otherwise provided by law; provided further, however, that any fines, forfeitures, costs and penalties col-

lected by the city court of the City of Bossier City pursuant to this Section, shall be paid one-half (½) to the treasury of Bossier City and one-half (½) to the treasury of the parish of Bossier. All such charges filed under the provisions of this section shall be on affidavit and such charges shall be filed and prosecuted by the city attorney or the city prosecutor when said charges are filed on account of violations occurring within the territorial limits of the city or municipality and by the district attorney or his representative when said charges are filed on account of violations occurring outside of such territorial limits of the city or municipality.

Section 2. If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items or applications of this Act which can be given effect without the provisions, items or applications, and to this end the provisions of this Act are hereby declared severable.

Section 3. All laws or parts of laws in conflict herewith are hereby repealed. (La.Act 233 of 1930 [La.R.S. 13:1894.-1]).

Five arguments are advanced by the City to support its contention that Act 233 is unconstitutional: 1) As applied to the jurisdiction of the Traffic Court of New Orleans the Act attempts to limit and divest the Traffic Court of jurisdiction granted by the State Constitution. 2) The Act attempts to enlarge the jurisdiction of the Traffic Court. 3) The Act seeks to preempt the District Attorney of Orleans Parish of his duties and prerogatives in the control and prosecution of offenses against a State Statute. 4) The Act discriminates against the City of New Orleans and violates the Home Rule Charter authorized by the Louisiana Constitution. 5) The Act is unconstitutional in toto because there are basic constitutional objections to all parts of the statute, and these objections are directed to the very heart of its contents.

It is my opinion that, insofar as this prosecution is concerned, the constitutionality of Act 233 should be upheld.

I.

The contention that the Act attempts to limit and divest the Traffic Court of jurisdiction conferred by the Constitution is based upon the premise that Article VII, Section 94, Part II(e), of the Constitution defines and establishes the jurisdiction of the Traffic Court and that constitutional grant cannot be altered, changed or modified by a legislative act. Article VII, Section 94, Part II(e), of the Constitution provides:

The jurisdiction of said Court shall extend to the trial of offenses against the Ordinances of the City of New Or-

leans regulating traffic upon the public streets of the City of New Orleans; it shall have no other jurisdiction.

The following language of Act 233 is said to divest the Traffic Court of its constitutionally conferred jurisdiction to try offenses against the Ordinances of the City regulating traffic:

> Notwithstanding any other provision of law to the contrary, including the provisions of R.S. 13:1871,[3] on and after the effective date of this section all prosecutions in any city, parish or municipal court based or arising out of the operation of a vehicle by a person while intoxicated shall be charged and prosecuted solely under the provisions of R.S. 14:98. * * * (Act 233 of 1970 [La. R.S. 13:1894.1]).

Act 233 is a general law applying equally throughout the State, and by its terms requires all prosecutions for the offense of driving while intoxicated to be carried on in all courts under the same law, Article 98 of the Criminal Code.

The City's authority to enact ordinances is contained in its Home Rule Charter authorized by Article XIV, Section 22, of

the Constitution, the pertinent provisions of which are:

> * * * The City of New Orleans, in addition to the powers expressly conferred upon it by Act 159 of 1912, as amended through the Regular Legislative Session of 1950, shall have the right and authority to adopt and enforce local police, sanitary and similar regulations and to do and perform all of the acts pertaining to its local affairs, property and government, which are necessary or proper in the legitimate exercise of its corporate powers and municipal functions. *The City of New Orleans shall, however, not exercise any power or authority which is inconsistent or in conflict with any general law* * * * (Emphasis added.)

Thus it may be seen that, whereas the Traffic Court has authority to try all violations of ordinances regulating traffic on the streets of New Orleans, Act 233, a general law of the State, requires that all prosecutions for driving while intoxicated be maintained under Article 98 of the Criminal Code. The effect of Act 233 is to repeal all ordinances of the City of

---

3. La.R.S. 13:1871 provides:

"This Part does not apply to the city, municipal, or traffic courts of the city of New Orleans.

"Except as otherwise specifically provided by law, the provisions of this Part apply to all other city courts, whether

presently in existence or hereafter created.

"For the purposes of this Part, the term 'city court' includes 'municipal court'. Substituted Acts 1960, No. 32, § 3."

New Orleans and all ordinances of all cities and parishes throughout the State relating to driving while intoxicated, requiring that prosecutions in city, parish and municipal courts be under the State general law, Article 98 of the Criminal Code. In substance, the Legislature has preempted the field involving this offense. This the Legislature may do.

Despite the broad grant of jurisdiction conferred by the Constitution on the Traffic Court to try "offenses against the ordinances of the city of New Orleans regulating traffic upon the public streets of the city," the grant is not free of exceptions. The Traffic Court's jurisdiction can only extend to those ordinances enacted by the City which are not contrary to the State's general law. The ordinance in question here is one which by the enactment of Act 233 became inconsistent with the State's general law, that is to say, the ordinance was repealed by implication. See repealing clause of Act 233. The Traffic Court may not, therefore, entertain jurisdiction to try offenses against ordinances of the City which are contrary to the State's general law.

The Traffic Court's constitutionally conferred jurisdiction has not been limited or divested by Act 233. It may continue to try all traffic offenses which are contrary to valid city ordinances. The point here is that since the enactment of Act 233 there is no longer a valid city ordinance prohibiting driving while intoxicated. The only remaining law defining and punishing this offense is Article 98 of the Criminal Code, a state law.

The constitutional grant of authority to the City of New Orleans (La.Const. Art. XIV, Sec. 22) to "enforce local police, sanitary and similar regulations and to do and perform all of the acts pertaining to its local affairs" does not deprive the Legislature of its prerogative to enact general laws which also have effect within the City. The New Orleans Home Rule Charter is a safeguard against punitive legislation aimed at the City only. The Charter is not intended to abrogate the Legislature's authority to enact general laws having statewide effect. The Constitution so declares. See La.Const. Art. XIV, Sec. 22, supra.

## II.

The contention that the Act attempts to enlarge the jursidiction of the Traffic Court is based upon the second paragraph of Act 233 which declares:

> For the purposes of this section all city, parish and municipal courts, shall have concurrent jurisdiction with the district courts over violations otherwise subject to their jurisdiction provided for by R.S. 14:98 * * *.

As heretofore noted, Article VII, Section 94, Part II(e), of the Constitution limits the jurisdiction of the Traffic Court

to "the trial of offenses against Ordinances of the City of New Orleans regulating traffic upon the public streets." By the unequivocal language of that constitutional provision the Traffic Court "shall have no other jurisdiction." It must be concluded, therefore, that the Traffic Court cannot try offenses under Article 98 of the Criminal Code, a state law.

Undoubtedly the Legislature was aware of the constitutional infirmity of this paragraph of Act 233, for it enacted Act 714 of 1970, a Joint Resolution proposing an amendment to Article VII, Section 94 (e),[4] of the Constitution enlarging the jurisdiction of the Traffic Court to permit "the trial of cases for violations of the criminal laws of the state making criminal the offense of operating a vehicle while intoxicated." This proposed constitutional amendment was rejected by the voters in the November election of 1970.

4. Act 714 of 1970:
    "(e) The jurisdiction of said court shall extend to the trial of offenses against the ordinances of the city of New Orleans regulating traffic within said city; provided, however, that said court shall have jurisdiction in the trial of cases for violation of the criminal laws of the state making criminal the offense of operating a vehicle while intoxicated as prescribed in the criminal laws of the state, provided that said jurisdiction shall extend only to prosecutions for a first or second offense and not to the third of subsequent offense the commission of

All provisions of Act 233 however were not predicated upon the passage of this proposed constitutional amendment, only the second paragraph quoted above. In view of the severance provisions of Act 233, failure of passage of this proposed amendment has no effect upon the first paragraph of Act 233 requiring all prosecutions for driving while intoxicated to be carried on under Article 98 of the State's Criminal Code. The language of the severance provision is quoted again in this context:

If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items or applications of this Act which can be given effect without the provisions, items or applications (held invalid) and to this end the provisions of this Act are hereby declared severable. (Parentheses added.)

which constitutes a felony. In addition, every prosecution for the operation of a vehicle while intoxicated shall be filed in said court under the provision of state law defining said offense and such prosecution shall be brought by the office of the city attorney. The Traffic Court of New Orleans shall have no other jurisdiction; provided, however, that the legislature may enact laws conferring jurisdiction upon said court for the trial of violations relating to state street and highway regulatory laws and such other state laws relating to the operation of a vehicle."

### III.

Another contention is that Act 233 attempts to preempt the District Attorney of Orleans Parish of his duties and prerogatives in the control and prosecution of offenses against Article 98 of the State's Criminal Code. The following language in the last sentence of paragraph three of Act 233 is the basis of this contention:

All such charges filed under the provisions of this section shall be on affidavit and such charges ˙ shall be filed and prosecuted by the city attorney or the city prosecutor when said charges are filed on account of violations occurring within the territorial limits of the city or municipality and by the district attorney or his representatives when said charges are filed on account of violations occurring outside of such territorial limits of the city or municipality.

This provision of Act 233, like the second paragraph of that Act, contemplates the implementation contained in Act 714 of 1970, a joint resolution proposing an amendment to the Constitution which would have enlarged the jurisdiction of the Traffic Court to permit city attorneys to prosecute violations of Article 98 of the Criminal Code in the Traffic Courts of the City. Since the amendment failed to gain approval of the electorate, the city attorney or city prosecutor is compelled by Act 233 to prosecute violations of Article 98 in the Criminal District Court when the offense occurs within the municipality. To that extent this requirement infringes upon the prerogative the district attorney exercised heretofore, conferred by Article 61 of the Code of Criminal Procedure, which grants to the district attorney "entire charge and control of every criminal prosecution instituted or pending in his district." By the terms of Act 233 violations of Article 98 occurring within the territorial limits of the City can no longer be prosecuted by the district attorney, those violations are required to be prosecuted by the city prosecutor. See repealing clause of Act 233.

Although the office of district attorney is created by the Constitution (La.Const. Art. VII, Sec. 58), the duties, powers and authority of the office are prescribed by the Legislature as Article 61 of the Code of Criminal Procedure demonstrates. Just as the Legislature is empowered to grant the broad powers contained in Article 61 of the Code, it may restrict those powers. I see no objection to Act 233 insofar as it requires prosecutions of violations of Article 98 of the Criminal Code to be carried on by city attorneys in the Criminal District Court and no satisfactory argument or authority has been advanced to dispel this conviction. The case of Kemp v. Stanley, 204 La. 110, 15 So.2d 1 (1943) cited by the City to support its contention is not controlling here. That case involved the

Attorney General's right under a 1934 Act of the Legislature to supersede a district attorney. The opinion, by a bare majority, is replete with dicta and, so far as I am able to ascertain, no four Justices who participated agreed on any proposition which would support the City's contention.

### IV.

The claim that Act 233 discriminates against the City of New Orleans and violates the Home Rule Charter authorized by the Constitution is sought to be supported by the argument that it is necessary for the City to enact ordinances to prosecute driving while intoxicated offenses that occur within the City limits. Thus when the Legislature enacted Act 233 requiring that all prosecutions for that offense be carried on under Article 98 of the Criminal Code, it preempted the City's authority to enact ordinances on the subject contrary to the Constitution and Home Rule Charter (La.Const. Art. 14, Sec. 22).

This argument overlooks the clear and explicit constitutional limitation on the City's authority to enact ordinances. This limitation on the City's power and authority I repeat for emphasis: "The City of New Orleans shall, however, not exercise any power or authority which is inconsistent or in conflict with any general law." La.Const. Art. XIV, Section 22). The limitation is contained in the very provision of the Constitution which authorized the Home Rule Charter and which grants the City power to enact ordinances. Cf. McAllister v. City of New Orleans, 255 La. 405, 231 So. 2d 368 (1970). In substance the argument on this contention is the same as the argument considered and rejected under Part I of this dissenting opinion.

### V.

Finally, it is said the Act is unconstitutional in toto because there are basic constitutional objections to all parts of the statute, and these objections are directed to the very heart of its content. There is no substance to this contention. In the first place, reference to the cited authorities makes it abundantly clear that all parts of the Act are not unconstitutional. Under the view I have expressed, all offenses of driving while intoxicated must hereafter be prosecuted under Article 98 of the State's Criminal Code. According to this rationale the disparity of definitions and punishments involved in that offense resulting from many ordinances on the subject are eliminated. Therefore all persons charged with the offense, regardless of where it occurred within the State, may rely upon a single provision of law to govern the definition of the offense and its punishment, a primary and commendable objective the Legislature undoubtedly intended.

### Conclusion

The Court has declared Act 233 unconstitutional without considering the consti-

tutional limitation upon the City's power to enact ordinances. The effect of the decision is to subordinate the State's general law to an ordinance of the City of New Orleans against an explicit command in the Constitution to the contrary.

I respectfully dissent.