PER CURIAM.
 

 The defendant, Richard Mahnken, was charged, by affidavit, with operating a motor vehicle while under the influence of alcoholic beverages, in violation of Section 98 of Title 14 of the Louisiana Revised Statutes. The defendant filed a Motion to Quash the affidavit alleging that pursuant to Act 233 of 1970 (La.R.S. 13:1894.1) defendant was charged under La.R.S. 14:98 rather than under the appropriate city ordinance, and that R.S. 13:1894.1 is unconstitutional in its application to this case for the reason that it conflicts with the Charter of the City of Baton Rouge, which is protected by Const. Art. 14, Sec. 3(a). The district judge granted the Motion to Quash holding R.S. 13:1894.1 unconstitutional. The City of Baton Rouge appealed.
 

 The main purpose of R.S. 13:1894.1 was to require the prosecution of DWI offenses under the state statute (R.S. 14:98), so that second and subsequent offenders can be prosecuted as such.
 
 [1]
 
 In order to accomplish this end, the Legislature, by enacting R.S. 13:1894.1, made illegal all city and parish ordinances proscribing acts made illegal by La.R.S. 14:98. In effect, the Legislature has said that La.R.S. 14:98 preempts the field of DWI legislation,
 
 [2]
 
 which it has the authority to do. City of Alexandria v. La Combe, 220
 
 *1007
 
 La. 618, 57 So.2d 206 (1952); La.Const. Art. 14, § 40(d).
 
 [3]
 

 There is no contention that R.S. 13:1894.1 attempts to enlarge or restrict the jurisdiction of the city courts which is set forth in Const. Art. 7, § 51. Even prior to the enactment of this statute, city courts had criminal jurisdiction of criminal cases, prosecuted under state law, which are not punishable by imprisonment at hard labor, La.Const. Art. 7, § 51; R.S. 13:1894, and this statute simply reiterates that jurisdiction with respect to the specific crime of driving while intoxicated.
 
 [4]
 
 City of New Orleans v. Harrison, 257 La. 923, 244 So.2d 834 (1971) is inapplicable. In that case we held that “the legislature may not deprive a court of jurisdiction conferred upon it by the state constitution.” There is no such issue present in this case, since R.S. 13:1894.1 does not in any way affect the jurisdiction of the City Court of the City of Baton Rouge.
 
 [5]
 

 Defendant contends, and the trial judge upheld the contention, that R.S. 13:1894.1 amends the Charter of the City of Baton Rouge, by extending the authority of the City Attorney, in violation of Const. Art. 14, § 3(a). We disagree.
 

 Trior to the enactment of this statute, the respective district attorneys were charged with authority and responsibility for maintaining prosecution of offenses against state laws in city courts. La.R.S. 16:3
 
 [6]
 
 . R.S. 13:1894.1 has impliedly repealed that statute, to the extent that it is inconsistent, giving to city attorneys the authority to prosecute violations of R.S. 14:98 in city court.
 
 [7]
 

 
 *1009
 
 While Const. Art. 14, § 3(a) (2) •does protect the “plan of government” adopted by the people of the City of Baton Rouge from interference by legislative action, nevertheless this constitutional provision specifically makes the Baton Rouge plan of government subject to general legislation regulating the powers and functions of the local government.
 
 [8]
 
 Under this constitutional provision, the power and authority of the city prosecutor is “subject to the constitution and laws of this state”. Therefore this general enactment conferring upon city attorneys and city prosecutors the authority to prosecute violations of La.R.S. 14:98 did not violate Art. 14, Sec. 3(a) guaranteeing home rule to the City of Baton Rouge.
 

 The defendant contends, however, that La.R.S. 13:1894.1, as enacted by Act 233 of 1970, does not concern the “powers and functions of local government”. Under Baton Rouge’s charter authorizing its unique city-parish form of government, Art. 14, Sec. 3(a) (2) (quoted in footnote •8 above), only general state laws of this nature apply to Baton Rouge; but
 
 not
 
 those relating to the “structure, organization, and particular distribution and redistribution of such powers among the several units of local government within the Parish”.
 

 The defendant thus contends that the 1970 statute attempts unconstitutionally to redistribute the prosecution of state offenses in Baton Rouge City Court from the parish district attorney to the city prosecutor. However, the 1970 statute applies generally to all municipalities in Louisiana, and it in effect provides that henceforth a function of city prosecutors shall be to prosecute in city court violations of La.R. S. 14:98 (which by the statute supersedes municipal ordinances on the question). The statute does not attempt by state law to change the structure and organization of the city-parish government, nor to redistribute the functions of East Baton Rouge government among the several units of local government. It rather establishes by general law, statewide in application, the functions of local government with regard to the prosecution of DWI offenses.
 

 For the reasons assigned the judgment of the City Court of the City of Baton
 
 *1011
 
 Rouge is reversed, and the case is remanded for further proceedings.
 

 Reversed and remanded.
 

 SUMMERS, J., concurs in the results.
 

 BARHAM, J., dissents.
 

 [1]
 

 . In State v. Duncan, 219 La. 1030, 55 So.2d 234 (1951) this Court held that a DWI conviction under a city ordinance was not a prior conviction for purposes of the enhanced punishment provided by Parts C, D, E of R.S. 14 :98.
 

 [2]
 

 . R.S. 13:1894.1 provides in part “* * * all prosecutions in any city, parish or municipal court based on or arising out of the operation of a vehicle by a person while intoxicated shall be charged and prosecuted solely under the provisions of R.S. 14:98.”
 

 [3]
 

 . “Tlie provisions of this constitution and of any general laws passed by the legislature shall be paramount and no muncipality shall exercise any power or authority which is inconsistent or in conflict therewith. * * * ”
 

 [4]
 

 . “For the purposes of this section all city, parish and municipal courts, shall have concurrent jurisdiction with the district courts over violations otherwise subject to their jurisdiction provided for by R.S. 14:98 except in those cases wherein the person or defendant is charged as a third or subsequent offender under the provisions of R.S. 14:98(D) and (E).” (Third and Fourth Offenders are subject to imprisonment at hard labor.)
 

 [5]
 

 . In City of New Orleans v. Ilarrison the issue of the validity of the New Orleans City ordinance proscribing driving while intoxicated was not raised. The sole issue raised in that ease was whether the Legislature could deprive the Traffic Court of New Orleans of its constitutionally granted jurisdiction (which is limited to trial of offenses against ordinances involving regulation of traffic). As we noted there “No issue is raised as to the 130wer of the City of New Orleans to adopt its ordinance providing for criminal sanctions for driving while intoxicated.”
 

 [6]
 

 . “The district attorneys throughout the state shall represent the state in all criminal prosecutions before city courts constituted by law.”
 

 [7]
 

 . “All such charges filed under the provisions of this section shall be on affidavit and such charges shall be filed and prosecuted by the city attorney or the city prosecutor when said charges are filed on ac
 
 *1009
 
 count of violations occurring within the territorial limits of the city or municipality and by the district attorney or his representative when said charges are filed on account of violations occurring outside of such territorial limits of the city or municipality.”
 

 [8]
 

 . “ (2)
 
 Plan of government.
 
 Subject to the constitution and laws of this state with respect to the powers and functions of local government, as distinguished from structure, organization and particular distribution and redistribution of such powers and functions among the several units of local government within the Parish, such plan of government may provide * * * ”