312 So.2d 287 (1975)
STATE of Louisiana, Appellee,
v.
T. L. FULLER, Appellant.
No. 55689.
Supreme Court of Louisiana.
April 24, 1975.
Rehearing Denied May 30, 1975.
*288 James D. Sparks, Jr., Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of driving while intoxicated, third offense, La.R.S. 14:98, subd. D, and sentenced to two years at hard labor, suspended. On his appeal, he relies upon three assignments of error.
Assignment No. 1
The defendant's motion to quash is based on the contention that an offense for driving while intoxicated must be prosecuted in the city court, if (as here) it occurs within municipal limits. The defendant contends that La.R.S. 13:1894.1 (1970) so requires, so that the present prosecution in district court must be quashed. The cited statute expressly provides for concurrent jurisdiction in both city and district courts for DWI offenses and, also, that third and fourth offenses must be prosecuted in district court. We find no merit to the construction of the statute advanced by the defendant.
A relied-on provision that the city attorney shall file the charges when the violation occurs within the municipal limits refers, in context, to the authority and responsibility of the city attorney to prosecute in city court for violation of the state law, whenever the city court does exercise any concurrent jurisdiction it has over the offense (i. e., in the instance of first and second offenders). The main purpose of La.R.S. 13:1894.1, first enacted by Act 233 of 1970, was to require that all *289 DWI offenses be prosecuted under the state law rather than alternatively under local ordinances, in order to permit effective statewide enforcement of prosecutions for second and subsequent offenses. City of Baton Rouge v. Mahnken, 260 La. 1002, 257 So.2d 690 (1972).
Assignment No. 2
By another motion, the defendant sought to have his prosecution as a third offender dismissed. He contends that the first conviction was without counsel and, therefore, may not be counted as a prior conviction for purposes of imposing a greater punishment upon a subsequent offense. State v. Strange, 308 So.2d 795 (La.1975); City of Monroe v. Fincher, 305 So.2d 108 (La.1974).
At the time, the city court in question did not keep formal minutes. Entries of actions taken in each prosecution were noted upon the bill of information. Based upon these contemporaneous entries (including the notation that the defendant had retained a certain attorney), and upon certain admissions by the defendant, the trial court found that the first conviction's record correctly reflected that the plea of guilty was entered pursuant to representation by counsel.
We do not find merit in this assignment of error.
Assignment No. 3
The trial court refused to grant the defendant's request for a special charge to the jury that the court minutes of the earlier conviction must show either that the defendant was represented by counsel or else had waived such representation. As earlier noted, the court records of the earlier conviction showed that counsel had been retained, but the court kept no formal minutes at the time. Under the circumstances, however, the regularly maintained records were not silent as to the representation of the defendant by counsel at the time of his earlier conviction. (See discussion above of second assignment of error.)
The special charge as requested required further explanation and was not entirely correct. Therefore, the trial court committed no error by failing to give it. La.C.Cr.P. art. 807.
Decree
Accordingly, the conviction and sentence are affirmed.
Affirmed.