TATE, Justice.
The defendant was convicted in the New Orleans Traffic Court of violating a municipal ordinance. His conviction was affirmed by the Appellate Division, Criminal District Court of Orleans. We granted certiorari, 319 So.2d 452 (La.1975), to review his contention that these courts had erroneously denied his motion to quash the prosecution, since founded on an invalidated ordinance.
The ordinance in question, Section 38-110, Municipal Code, City of New Orleans [1] prohibited driving a vehicle while intoxicated. Both the present offense and the overruling of the motion to quash, as well as the trial court. conviction, all occurred during 1973 at a time when a state statute mandatorily required all prosecutions arising out of the operation of a vehicle while intoxicated “shall be charged and prosecuted solely under the provisions of La.R.S. 14:98”, i. e., under the state statute prohibiting similar conduct, La.R.S. 13:1894.1 (1970).[2]
*388 As noted by us in City of Baton Rouge v. Mahnken, 260 La. 1002, 257 So.2d 690, 691-692 (1972) : “The main purpose of [Revised Statute] 13:1894.1 was to require the prosecution of DWI offenses under the state statute (R.S. 14:98), so that second and subsequent offenders can be prosecuted as such. In order to accomplish this end the legislature by enacting R.S. 13:1894.1 made illegal all city and parish ordinances proscribing acts made illegal by La.R.S. 14:98. In effect, the legislature has said that La.R.S. 14:98 pre-empts the field of DWI legislation, which it has authority to do. City of Alexandria v. La Combe, 220 La. 618, 57 So.2d 206 (1952) s}c * ‡ ”
No substantial contention is advanced that this general state law did not su-percede and invalidate any municipal ordinance of New Orleans inconsistent or in conflict therewith. See La.Constitution of 1921, Article XIV, Section 22 (1950) (authorizing a home rule charter): “The City of New Orleans shall, however, not exercise any power or authority which is inconsistent or in conflict with any general [state] law.” See also La.Const. of 1974, Art. 6, Section 5(E), prohibiting the exercise of local powers “denied by general law.”
The ordinance under which the accused was convicted was therefore invalidated and ineffective as in conflict with the general state statute pre-empting the field. McAllister v. City of New Orleans, 255 La. 405, 231 So.2d 368; see also City of Alexandria v. La Combe, 220 La. 618, 57 So.2d 206 (1952).
Consequently, the motion to quash was erroneously denied. The prosecution must be dismissed. La.C.Cr.P. art. 538.
In arguing to the contrary, the state principally relies upon City of New Orleans v. Harrison, 257 La. 923, 244 So.2d 834 (1971). There, however, we held only that the traffic court could not be deprived of its constitutional jurisdiction, under a very technical holding that the defendant’s motion to quash in that case had been directed solely to the court’s lack of jurisdiction, not to the invalidity of the municipal ordinance. We specifically noted that no issue was raised as to the validity of the municipal ordinance, 244 So.2d 835.
Therefore, as we subsequently noted in City of Baton Rouge v. Mahnken, 260 La. 1002, 257 So.2d 690, 692 (1972), the Harrison case did not address itself to the present issue, and its holding is restricted to its peculiar facts of a pleading which did not raise the issue presented by the motion to quash in the case before us.
Accordingly, the conviction and sentence are set aside, the defendant’s motion to quash is sustained, and prosecution is dismissed.
Reversed; prosecution dismissed.
SUMMERS, J., concurs.

. Section 38-110. Operating a vehicle while intoxicated.
Operating a vehicle while intomeated is the operation of or having under his actual physical control any motor vehicle, aircraft, watercraft or other means of conveyance by a person under the influence of intoxicating liquor or beverages, or narcotic drugs; or under the influence of any drug that affects adversely the efficiency of the driver.

. La.R.S. 13:1894.1 (enacted by Act 233 of 1970) relevantly provides: “Notwithstanding any other provision of law to the contrary, including the provisions of R.S. 13:1871, on and after July 29, 1970 all prosecutions in any city, parish or municipal court based on or arising out of the operation of a vehicle-by a person while intoxicated shall be charged and prosecuted solely under the provisions of R.S. 14:98. * * *”
We note that La.R.S. 13:1894.1 was amended by Acts of 1973 No. 82, Section 1, to, in part, except the Traffic Court of New Orleans from the provisions of the statute. However, the defendant was convicted on March 20, 1973, prior to the effective date of Act 82. The amendment excepting New Orleans courts from this Article’s provision was in response to this court’s decision in City of New Orleans v. Harrison, 257 La. 923, 244 So.2d 834 (1971), discussed in the text below, which pinpointed the inability of the Traffic Court to try state offenses because of limits upon its jurisdiction provided by the La.Constitution of 1921, Article 7, Section 94 II (1952). By the 1974 constitution, this provision was removed from constitutional status and made subject to change by legislation. Article 5, Section 32; it is now incorporated in our statutes as La.R.S. 13 :2501.1 (1975).