GUIDRY, Judge.
On November 2, 1984, the defendant was arrested within the corporate limits of the City of Lake Charles and charged with driving while intoxicated in violation of Lake Charles City Ordinance No. 13-26.1. Prosecution was instituted in the City Court of Lake Charles by affidavit. On March 14,1985, defendant filed a motion to quash the affidavit urging that Ordinance No. 13-26.1 is invalid. Defendant also sought to suppress the introduction of blood alcohol test results obtained following his arrest. After a hearing, the trial court denied both motions. Thereafter, defendant filed an application with this court seeking a review of the trial court’s decisions. We granted defendant’s application for writ of certiorari.
We initially consider relator’s contention that the trial court erred when it failed to sustain his motion to quash the affidavit.
Relator argues that Lake Charles City Ordinance No. 13-26.1 is invalid because of its inconsistency with state law, specifically La.R.S. 14:98 and R.S. 13:1894.-1. We find merit in this contention and reverse.
Ordinance No. 13-26.1 is clearly inconsistent with La.R.S. 14:98, last amended by Act 634 of 1983, in one material aspect. R.S. 14:98A(2) provides that the crime of operating a vehicle while intoxicated is when:
“(2) The operator’s blood alcohol concentration is 0.10 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood; ...”
On the other hand, contrary to R.S. 14:98A(2), Ordinance No. 13-26.1 provides that there is a rebuttable presumption of intoxication, after proof of a 0.10 percent *412 reading.[1] Respondent concedes this inconsistency but argues that the inconsistency is procedural; it is insubstantial; and, in any event, the ordinance is in compliance with state law as R.S. 32:662 has never been repealed. We disagree, concluding that the ordinance is substantially inconsistent with state law, specifically La.R.S. 14:98 and R.S. 13:1894.1.
La.R.S. 13:1894.1, as originally enacted by Act 233 of 1970, provided that City, Parish and Municipal Courts would have concurrent jurisdiction with the District Courts over violations, otherwise subject to their jurisdiction, provided for by La.R.S. 14:98 except where the defendant is charged as a third or subsequent offender. R.S. 13:1894.1 further provided that all offenders were to be “charged and prosecuted solely under the provisions of R.S. 14:98”. The 1978 amendment to R.S. 13:1894.1 (Act 749 of 1978), added the provisions authorizing and relating to prosecutions under City, Parish or Municipal ordinances. R.S. 13:1894.1 was again amended by Act 77 of 1983 and, as presently enacted, reads in pertinent part as follows:
"... prosecutions in any city, parish or municipal court, the city, municipal and traffic courts of the city of New Orleans excepted, based on or arising out of the operation of a vehicle by a person while intoxicated may be charged and prosecuted under the provisions of R.S. 14:98 or under any applicable city, parish, or municipal ordinance which incorporates the standards, elements, and sentences of the offense of driving while intoxicated contained in R.S. 14:98.” (emphasis ours).
The history of this section, which originally required all offenses for driving while intoxicated to be prosecuted under R.S. 14:98 and, as amended, which permits prosecutions alternatively under local ordinances, provided the latter incorporates the standards, elements and sentences contained in R.S. 14:98 makes obvious the intent of the legislature, i.e., to provide for evenhanded enforcement of D.W.I. laws statewide and to ensure that second and subsequent offenders can be prosecuted as such. State v. Fuller, 312 So.2d 287 (La.1975); City of Baton Rouge v. Mahnken, 260 La. 1002, 257 So.2d 690 (1972). The inconsistency between Ordinance 13-26.1 and R.S. 14:98 obviously frustrates this intention.
Clearly, the ordinance does not incorporate the same standards or elements of driving while intoxicated as contained in R.S. 14:98. For a defendant charged under R.S. 14:98, a blood alcohol concentration of 0.10 or more establishes guilt. Conversely, under the ordinance, a like blood alcohol concentration results only in a rebuttable presumption of intoxication. That this conflict between state law and the Lake Charles ordinance is both substantive and frustrative of legislative intention is made apparent by the differing results which could be reached depending upon whether a defendant is prosecuted under 14:98 or the ordinance.
We acknowledge the inconsistency in this regard between R.S. 14:98, as amended by Act 634 of 1983, effective January 1, 1984, and La.R.S. 32:662. This inconsistency is, however, reconcilable in that R.S. 14:98, as last amended, impliedly repealed the earlier enacted R.S. 32:662 to the extent that the statutes are in conflict. See City of Baton Rouge v. Mahnken, supra.
It is well settled that a municipality is without authority to enact ordinances which are inconsistent or in contravention with state law. Lentini v. City of Kenner, 252 La. 413, 211 So.2d 311 (1968); Randolph v. Village of Turkey Creek, 240 La. 996, 126 So.2d 341 (1961); National Food Stores of Louisiana, Inc. v. Cefalu, 280 So.2d 903 (La.1973).
*413 For the reasons aforestated, we find Lake Charles City Ordinance No. 13-26.1 to be inconsistent and in contravention with state law and therefore unconstitutional and without any force and effect. La. Const, of 1974, Article 6 Section 9(B). Accordingly, the writ herein granted is made peremptory and there is judgment ordering the affidavit, alleging a violation by defendant of Lake Charles Ordinance No. 13-26.1, quashed and this prosecution dismissed.[2]
REVERSED AND RENDERED,

. By Section 20-1 of the Lake Charles Code of Ordinances, the City adopted the provisions of La.R.S. Title 32, including Section 662 thereof.

. Our decision on defendant’s motion to quash makes any discussion of defendant’s second assignment of error unnecessary,