I! STEWART, Judge.
This criminal appeal arises from the Fourth Judicial District Court, Ouachita Parish, the Honorable Benjamin Jones presiding. From an original charge of DWI, Fourth Offense, the defendant Charles E. Splond (defendant) pled guilty to DWI, Third Offense and was sentenced by the trial court to a term of three years at hard labor and a $750 fine. From this conviction and sentence, defendant appeals urging seven assignments of error. We affirm.
FACTS
The defendant was originally charged with DWI, Fourth Offense to which he entered a plea of not guilty. The defendant filed a Motion to Quash the predicate offenses — all emanating from Monroe City Court — which occurred in 1990, 1991, and 1993. At the Motion to Quash hearing, the defendant sought to quash the entirety of predicate offenses by calling into question the validity of the certified copies of the predicate offenses emanating from the Monroe clerk’s office because the clerks had been improperly sworn until the year 1994.
After a hearing,on the Motion to Quash, the trial court held that the 1990 DWI predicate offense could not be used due to an inadequate and uncounselled guilty plea. Therefore, the defendant pled guilty to DWI, Third Offense, reserving his right to appeal the trial court’s denial of the Motion to Quash on the other grounds. The trial court sentenced defendant to three years at hard labor and $750 fine.
PREDICATE OFFENSES PROPERLY FILED AND AFFIDAVITS LEGALLY SUFFICIENT AND NOT DEFECTIVE
In assignments of error one and two, the defendant challenges the technical validity of the predicate offenses used in his DWI, Third offense conviction. In assignment of *185 error number one, he alleges that the predicate offenses were |2defective. In assignment of error number two, he alleges that the affidavits charging the predicate offenses were insufficient and defective. Because of the similarity of the issues involved, these assignments of error are discussed together.
The defendant presented these issues to the trial court in a Motion to Quash. An evidentiary hearing was held on the matter. The defendant presented testimony evidencing that the Monroe City Court clerks had been improperly sworn due to the improper filing of the paperwork and bonds. Prior to 1994, apparently, the clerks had not taken an oath of office. Debbie Haddad, Monroe City Prosecutor’s Office Administrator, testified that in 1994, when she could not locate the oaths of office administered to the city clerks, she had all the deputies resworn by Judge Lolley. The defendant sought to use these clerical deficiencies to attack the predicate offenses which occurred prior to the 1994 reswearing as invalid.
The trial court, noting that no precedent or law had been established for this occurrence, ruled that defendant was precluded from raising objection in connection with the affidavits because he had been represented by counsel and failed to raise objection to any defect in the proceedings prior to the resolution of the matters in the criminal court or within the delays for review.
However, the trial court’s examination of defendant’s guilty plea colloquies in these prior convictions at issue revealed what the judge termed an “inappropriate and inadequate” Boykimzation in defendant’s 1990 DWI conviction. The trial court thus precluded the use of that conviction for enhancement purposes and ordered that the charged' DWI, Fourth Offense, be reduced to DWI, Third Offense.
In Perschall v. State, 96-0322 (La.7/1/97), 697 So.2d 240, the Louisiana Supreme Court discussed the de facto officer doctrine in rejecting the plaintiffs ^contention that decisions made by the admittedly unconstitutionally numbered court were not void. The court found that its actions undertaken while the unconstitutionally seated justice has been assigned her seat under state statute are valid, effectual, and not subject to attack.
In reaching this holding, the Louisiana Supreme Court cited State v. Johnson, 249 La. 950, 192 So.2d 135 (1966), where the defendants contested their convictions and sentences on appeal, arguing they were prejudiced by an unfair trial and for other errors related to their murder charges. In addition, the defendants argued that the criminal statutes applied to them were unconstitutional and that their prosecutions were invalid because those laws were passed by an improperly constituted legislature. La. Const, art. Ill, §§ 2 and 3 of 1921 required the legislature to reapportion itself every ten years. The defendants argued that since the legislature failed to do so, its actions while ill-constituted required invalidation of its enactments.
A unanimous court in Johnson repudiated that argument by applying the “de facto” officer doctrine. The court reasoned that if the legislators who enacted the challenged laws were not de jure officers, they were at a minimum “de facto public officers.” Grounded in public policy, the court found the “acts of a de facto officer as valid as to third persons and the public until the officer’s title to office is adjudged insufficient.” Johnson, supra. Meanwhile, the officer’s authority may not be collaterally attacked or inquired into by third persons, and their actions are clothed with the same validity of the de jure officers. Johnson, supra. Therefore, the court concluded the defendants could not avoid prosecution by the legislature’s failure to reapportion itself. Johnson, supra.
LThe Louisiana Supreme Court had previously applied the de facto officer doctrine directly to the judiciary in City of Baton Rouge v. Cooley, 418 So.2d 1321 (La.1982). In Cooley, defendants were charged with traffic offenses and appeared before an ad hoc judge assigned to the Baton Rouge City Court. Defendants challenged the jurisdiction of the ad hoc judge, arguing the appointment made by a duly elected city court judge was unconstitutional under La. Const, art. V, § 22. The lower courts denied defendant’s motion to upset the ad hoe judge’s jurisdiction and this court affirmed.
*186 In maintaining the ad hoc’s jurisdiction, the court reiterated many of the de facto office principles articulated in Johnson, swpra. A judge acting under color of right has the authority, capacity, and right to perform judicial duties. State v. Lewis, 22 La. Ann. 33 (1870). That capacity cannot be challenged collaterally, and the acts of a de facto judge, even if not de jure, are valid and binding. City of Baton Rouge v. Cooley, supra.
Similarly, this well-settled principle should be applied to the Monroe deputy city clerks. At a minimum, the actions of these clerks clearly have been in the nature of a de facto officer. Prior to 1994, these clerks had been improperly sworn in, through no fault or knowledge of their own, and had discharged their duties as if properly' sworn. The record reveals no allegations of or evidence which would indicate incompetence, impropriety or miscarriage of duty by these clerks in any fashion. The de facto officer rule intercedes to protect and preserve the works done by the clerks under the authority which they had assumed to hold and had carried forth through their duties.
For these reasons, the trial court’s decision regarding the various grounds of the Motion to Quash will not be disturbed. A defendant represented by counsel | gmust raise objections to affidavits from his predicate DWI offenses contemporaneously in the criminal court considering the offense or within the delays for review.
Assignments of error one and two are without merit.
MUNICIPAL ORDINANCE CHARGING THE PREDICATE OFFENSES IS VALID AND CONSISTENT WITH STATE LAW
In assignment of error number three the defendant alleges that the Monroe City DWI ordinance is inconsistent with the state statute, La. R.S. 14:98. La. R.S. 13:1894.1 provides concurrent jurisdiction in city and district courts, for DWI prosecutions except in those cases where the accused is charged as a third or subsequent offender. The main purpose of La. 13:1894.1 was to require that all DWI offenses be prosecuted under the state law rather than alternatively under local ordinances, in order to permit effective statewide enforcement of prosecutions for second and subsequent offenses. City of Baton Rouge v. Mahnken, 260 La. 1002, 257 So.2d 690 (1972).
A reading of the two statutes at issue reveal that they are virtually identical as to language and as to the elements of DWI. The language of the statutes, in pertinent part, is set forth for comparison.
La. R.S. 14:98 provides, in pertinent part, that:
A. (1) The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
(a) The operator is under the influence of alcoholic beverages; or
(b) The operator’s blood alcohol concentration is 0.10 percent or more by weight, or is 0.04 percent or more by weight if the operator is under the age of eighteen years, based on grams of alcohol per one hundred cubic centimeters of blood; or 16(c) The operator is under the influence of any controlled dangerous substance listed in Schedule I, II, III, IV, or V as set forth in R.S. 40:964.
Section 33-10 of the City of Monroe Code, as recited in defendant’s own brief, provides, in pertinent part:
Sec. 33-10. Operating a vehicle while intoxicated.
(a) The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
(1) The operator is under the influence of alcoholic beverages; or'
(2) The operator’s blood alcohol concentration is one-tenth (0.10) per cent or more by weight based on grams of alcohol per one hundred (100) cubic centimeters of blood; or
(3) The operator is under the influence of any controlled dangerous substance listed in Schedules I, II, III, IV, or V as set forth in Louisiana Revised Statutes 40:964 ...
*187 It is evident that the two statutes defining the offense of DWI have' identical elements. We observe the distinction pointed out by the defendant. The distinction mentioned in the statute deals with the applicability of the statute to operators under the age of eighteen years. The two statutory provisions are essentially the same. Section 33-10 of the Monroe City Code which defines operating a vehicle while intoxicated is substantially consistent with state law.
This assignment of error is without merit.
PRIOR DWI CONVICTION AS A PREDICATE OFFENSE LACK OF JURISDICTION
In assignments of error four and five, the defendant protests the purported use of his 1990 Monroe city court DWI conviction as a predicate offense. The defendant urges that the trial court erred when it ruled that appellant was properly advised of his constitutional rights as they relate to the predicate offenses in ^appellant’s case, erred when it ruled that the city court was not deprived of jurisdiction when the city joined three offenses arising out of the same facts and circumstances in a single affidavit, and erred when the court failed to advise appellant of his right to a jury trial and thereafter, obtain a knowing intelligent and voluntary waiver of same from the appellant on the record.
These assignments of error are moot as the record reflects that following the Motion to Quash hearing, the trial court held defendant’s 1990 conviction to be an uncounselled and insufficient plea of guilty and ordered that it could not be used as a predicate offense. The trial court precluded the use of that conviction for enhancement purposes and ordered that the charged DWI, Fourth Offense be reduced to DWI, Third Offense.
Assignments of error four and five are without merit.
EXCESSIVE SENTENCE
In assignments of error six and seven, the defendant asserts that his sentence is excessive. The defendant was sentenced to three years imprisonment at hard labor with one year suspended. Nine months of the remaining two years are to be served without benefit of probation, parole, or suspension of sentence. The court further ordered a fine of $750 and that the defendant be given credit for time served. After release from jail, the trial court ordered the defendant to serve two years on probation during which, in addition to the usual provisions of probation, he must attend Alcoholics. Anonymous meetings and the DWI Victim Impact Program.
The trial court indicated that this sentence was imposed pursuant to a plea agreement reached with the defendant. The record also reveals that the trial court informed the defendant, during his guilty plea colloquy, that he retained the right |gto appeal both the trial court’s denial of his Motion to Quash and the imposed sentence because there was an agreement as to the three year sentence cap which precludes review except for constitutional excessiveness.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Henton, 28,576 (La. App.2d Cir. 9/25/96), 682 So.2d 777.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Landos,, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398
*188 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.), writ denied, 521 So.2d 1143 (1988).
The second prong of the inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive when it violates La. Const, art. 1, § 20, it is grossly out | 9of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La. 1985); State v. Davis, 28,662 (La.App.2d Cir. 9/25/96), 680 So.2d 1296.
A trial court is not required to render a suspended sentence or probation on a first (or qualifying second) felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Strange, 28,466 (La.App.2d Cir. 6/26/96), 677 So.2d 587; State v. Tully, 430 So.2d 124 (La.App. 2d Cir.), writ denied, 435 So.2d 438 (1983).
Prior to sentencing, the trial court ordered a pre-sentence investigation report of defendant. At the initial sentencing, the trial court discussed his considerations for the sentence. The trial court noted that the defendant was married and had grown children and a minor child at home, that the defendant had been discharged from the military, and had a work history mainly as a professional cook. Also, the trial court noted the defendant’s extensive history of DWI arrests and convictions.
The trial court further noted that the defendant’s problems with drinking began in 1990 at the relatively late age of 38 or 39 and offered the defendant the opportunity to explain to the court what prompted this dangerous behavior. The defendant expressed to the trial court that marital problems with a former wife precipitated his downfall. The defendant also expressed that he has stopped drinking, is going to church, and has straightened out his life. The trial court | i0recognized that the defendant had been arrested five times for DWI since 1990, though the court was only considering four of the arrests. The trial court found that based on the defendant’s history that there was a significant risk of his committing another crime. The court found that a lesser sentence would deprecate the seriousness of the crime. The trial court then sentenced defendant to three years imprisonment at hard labor with credit for time served and a $750 fine.
The trial court noted additionally that this is actually a fourth DWI conviction but was being prosecuted as a Third Offense because of the trial court’s granting of a Motion to Quash regarding the 1990 conviction. The trial court then sentenced defendant to three years at hard labor and a $750 fine. Though admitting to the trial court that “I don’t think that’s (excessiveness of sentence) [sic] real serious issue in light of our previous discussion,” defense counsel contemporaneously made objection to the sentence. The defendant filed a Motion for Reconsideration of Sentence.
The record reflects the trial court made exhaustive and detailed compliance with La. C.Cr.P. art. 894.1. The trial court adequately considered aggravating and mitigating factors to be considered in defendant’s sentence. The record reveals that the trial court reduced the defendant’s actual time of incarceration to nine months, despite the stated three year sentence.
Considering the circumstances of the instant offense, the defendant’s record, and the reasons for sentencing given by the trial court, we conclude that the instant sentence is not excessive and that the trial court did not abuse its discretion in the sentencing of defendant, Splond.
Assignments of error six and seven are without merit.
JuCONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.