Dear Chief Hickman:
This office is in receipt of your recent request for an opinion of the Attorney General in regard to whether or not the Leeville City Council can adopt an ordinance, which mandates that the City Court of Leeville collect a specific amount, to be added to the cost of court and kept in a special fund, for the purpose of funding criminal justice technology.
The disposition of fines, forfeitures, penalties and costs in city courts is treated in LSA-R.S. 13:1898 and LSA-R.S. 13:1899. LSA-R.S. 13:1898, provides, in pertinent part, as follows:
 A. Except as otherwise provided by special law and in Subsection B thereof, the clerk of the city court or the marshal, as designated by the judge, shall collect all fines, forfeitures, penalties and costs, and all funds so collected by them, excluding costs, shall be paid into the city treasury when the prosecution is on behalf of the city and into the parish treasury to be deposited in the parish general fund and used as a general expenditure of said parish, in parishes other than Orleans, when the prosecution is on behalf of the state or parish.
LSA-R.S. 13:1899 provides, in pertinent part:
 A. Except as otherwise provided by law, in all criminal matters, including traffic violation cases, in addition to the fine or other penalty which may be legally imposed against every defendant who is convicted after trial or after a plea of guilty or who forfeits his bond, the judge may assess costs of court in an amount not to exceed thirty dollars.
 B. Except as otherwise provided by law, the proceeds derived from these costs shall be deposited in a special account which shall be subject to audit, and used for the operational expenses of the court or for the payment of clerical fees or other similar expenditures as may be approved by the judge. *Page 2 
Upon doing further research, it was discovered that the City of Leesville is under Home Rule Charter. The home rule government cannot enact provisions the effect of which require the state or its agencies to ignore legislative mandate. We find it settled that municipalities with home rule charters are subject to legislation that is statewide in application. City of NewOrleans v. Walker, 327 So.2d 386, (La. 1976); City of BatonRouge v. Mahken, 260 La. 1002, 257 So.2d 690 (1972); McAllisterv. City of New Orleans, 255 La. 405, 231 So.2d 368 (1970).
By constitutional provision the legislature is prohibited from passage of statutes that would change the structure or organization or distribution of power of any local government operating under a Home Rule Charter. Art. 6, Sec. 6, La. Constitution 1974. However, the applicable statutes do not attempt to enlarge or restrict the jurisdiction of the court. Additionally, it is pertinent to observe there are similar statutes providing for special costs for convictions or guilty pleas that are applicable to violations of state statutes as well as parish or municipal ordinances. LSA-R.S. 40:2266.1; LSA-R.S.15:146. Thus, state statutes addressing the special costs assessed against convictions for local ordinances are nothing new. Therefore, it is the opinion of this office that the City Council has no power to pass an ordinance to add additional costs to the cost of court to be kept in a special fund for the purpose of funding criminal justice technology. The City Court was not created by the City Council and the Council does not have authority to partially rescind, reduce add or limit the amount to be collected and paid as a special cost contrary to state statutes.
It is hoped this sufficiently answers your question, but if we can be of further assistance do not hesitate to contact us.
 Yours truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: ______________________________
 PEGGY GOODS
 ASSISTANT ATTORNEY GENERAL