Appeal from Fifth District

## STATE v. HURST.

No. 3752.   Decided March 9, 1922.   (205 Pac. 335.)

1. INDICTMENT AND INFORMATION—ALLEGATION OF FORMER CONVICTION BEFORE CITY JUSTICE OF THE PEACE DOES NOT SHOW CONVICTION UNDER ORDINANCE. An allegation in an information that the former conviction of defendant was by a city justice of the peace does not show the conviction was under a city ordinance, in view of Comp. Laws 1917, § 630, conferring jurisdiction upon city justices of the peace in statutory misdemeanors.

2. CRIMINAL LAW—QUESTION REVIEWED NOTWITHSTANDING INFORMALITY OF PRESENTATION WAIVED BY THE PARTIES WITH THE CONSENT OF THE COURT. Though neither a demurrer to the information nor a motion to quash, which assumed that the objection raised appeared on the face of the information, was sufficient to present a question which involved consideration of facts not stated in the information, that question will be reviewed where the parties themselves and the trial court waived the informality and considered matters outside of the information which were made a part of the record on appeal.

3. CRIMINAL LAW—FORMER CONVICTION UNDER CITY ORDINANCE FOR POSSESSING DOES NOT MAKE SUBSEQUENT OFFENSE OF POSSESSING A FELONY. In view of the fact that Comp. Laws 1917 defines the offense of unlawfully possessing intoxicating liquors in a sentence separate from that defining other offenses against the prohibition laws, the amendment to section 3345 (Laws 1919, c. 66) making it a felony for any person previously convicted of violating a city ordinance prohibiting manufacture, sale, keeping, or storing for sale of intoxicating liquors, but not of possessing such liquor, to violate the prohibition laws, does not make it a felony unlawfully to possess liquors after a previous conviction for violating a city ordinance which prohibited unlawful possession thereof.

Appeal from District Court, Fifth District, Juab County; *J. H. Erickson,* Judge.

Charles Hurst was charged with unlawfully possessing intoxicating liquor after having been previously convicted of a similar offense. From a judgment sustaining demurrer

to, and motion to quash, the information, and dismissing the defendant, the State appeals.

AFFIRMED.

*T. H. Burton,* Co. Atty., of Nephi, for the State.

*Stott & Van Dam,* of Salt Lake City, for respondent.

THURMAN, J.

The information filed by the district attorney charges the defendant as follows:

"Charles Hurst, the defendant above-named, having heretofore, to wit, on the 16th day of August, A. D. 1921, been duly committed to this court by Charles Kryger, a justice of the peace in and for Eureka City, Juab county, Utah, acting as a committing magistrate, to answer to the charge hereinafter set forth, is accused by William B. Higgins, the district attorney of the Fifth judicial district of the state of Utah, in and for Juab county, by this information of the crime of felony, to wit, being a persistent violator of title 54 of the Compiled Laws of Utah 1917, committed as follows:

"That the said Charles Hurst, at Juab county, state of Utah, on the 6th day of August, A. D. 1921, having theretofore, to wit, on the 12th day of March, 1920, been duly and regularly convicted of willfully, unlawfully and intentionally having in his possession intoxicating liquors without a permit or authority of law, by and in the justice's court of Eureka City, Juab county, state of Utah, did willfully, unlawfully, knowingly, feloniously, and intentionally, have in his possession one gallon jar of intoxicating liquors, to wit, whisky, without a permit, license, or authority whatsoever.

"All of which is contrary to the form, force, and effect of the statutes of Utah, in such case made and provided, and against the peace and dignity of the state of Utah."

The defendant demurred to the information for want of sufficient facts, and also on the ground that there is no statute making it a felony for having liquor in one's possession where the former conviction of having liquor in one's possession was under a city ordinance. Upon substantially the same grounds defendant moved to quash the information.

It nowhere appears in the information that the defendant

had formerly been convicted under a city ordinance. It does appear that he had been convicted before a city justice of the peace, but, for aught that appears, the conviction may have been for a violation of the statute. Comp. Laws Utah 1917, § 630, confers jurisdiction upon city justices of the peace in statutory misdemeanors as well as of offenses under city ordinances. The information, therefore, is not obnoxious to the objections raised by the demurrer. The motion to quash also assumes that the objections relied on appear on the face of the information, and for that reason its effect is that of a demurrer only.

If we had nothing before us in this case but the informaiton, demurrer, and motion to quash we would feel compelled to hold that the information is invulnerable, and that the demurrer should have been overruled and the motion to quash denied.

The trial court, however, sustained both the demurrer and motion to quash, and dismissed the case. This action of the court is explicable only upon the theory that, by common consent, or some kind of understanding between the parties and the court, documents other than the pleadings were made a part of the record and considered by the court in arriving at a conclusion. The parties themselves, with the evident consent of the court, having waived the informality, the question will be determined upon the record as presented.

The court had before it the complaint filed before the examining magistrate upon which the information was based, the ordinance of Eureka City making it an offense to knowingly have intoxicating liquor in one's possession without authority, the complaint in the city justice's court of Eureka City charging defendant with the offense under the city ordinance, and a certified copy of the judgment of conviction in said court. From all of the foregoing documents, including the pleadings in this action, it is made to appear that the defendant was duly convicted March 12, 1920, in the justice's court of Eureka City of the offense of knowingly having in

his possession, without authority, intoxicating liquor, in violation of an ordinance of said city.

In the instant case the information, after alleging the conviction in the justice's court, charges the defendant with a felony, and with being a persistent violator of title 54, Comp. Laws Utah 1917, relating to intoxicating liquors, and specifically charges that, on the 6th day of August, 1921, at the city of Eureka, Juab county, Utah, without permit or authority of law, the defendant willfully, knowingly, feloniously, and unlawfully had in his possession one gallon of whisky, contrary to the form of the statute in such cases made and provided. Thus it appears that the first conviction was for an offense against a city ordinance, and the charge of the case at bar is for a felony in violation of the laws of the state.

The concrete question for our determination is, Does the statute (title 54, Comp. Laws Utah 1917) relating to intoxicating liquors authorize a prosecution for a felony where the former conviction relied on was not for a violation of the statute, but for a violation of a city ordinance? The solution of this question involves the interpretation of two or more sections of the statute, and renders it necessary that the same should be specifically referred to and quoted:

"3343. Except as hereinafter provided, the manufacture, sale, keeping, or storing for sale in this state, or offering or exposing for sale or importing, carrying, transporting, advertising, distributing, giving away, exchanging, dispensing, or serving of liquors, are forever prohibited in this state. It shall be unlawful for any person within this state knowingly to have in his or its possession any intoxicating liquor, except as in this title provided."

"3345. Any person convicted of violation of any of the provisions of this title shall be deemed guilty of a misdemeanor, and, where the punishment therefor is not herein specifically provided, shall be punished by a fine of not less than $50 nor more than $299, or by imprisonment in the county jail for not less than thirty days nor more than six months, or both such fine and imprisonment. A person having once been convicted of a violation of any of the provisions of this title, except § 3361, who thereafter violates the provisions thereof, shall be considered a persistent violator of this title, and shall be deemed guilty of felony, and upon conviction thereof, shall be imprisoned in the state prison at hard labor for not less than three months nor more than two years. It shall be the duty

of.the prosecuting attorney, in all cases, to the best of his ability, to ascertain whether or not the defendant has at any time been convicted of any violation of any of the provisions of this title, and, if so, such fact shall be set out in the complaint, and the said prosecuting attorney shall, at the trial of such second or subsequent offense, introduce in evidence a certified copy of any or all such prior judgments of conviction, which shall be sufficient evidence of any such prior convictions; and said prosecuting attorney shall not be permitted to use his discretion in charging and proving said second or subsequent offense."

It will no doubt be conceded that section 3345, as quoted, does not authorize prosecutions for a felony for a subsequent violation of the law where the former conviction relied on was for an offense against a city ordinance. The former conviction must have been for violating some provision of title 54, for such is the express provision of the statute, and it admits of no other interpretation.

But it is contended by the state that section 3345, which we have quoted at length, was amended by the Legislature in 1919 (Laws 1919, c. 66), and that, in view of the amendment, and its evident purpose, there can be no reasonable doubt that a prosecution for a felony may be based upon a former conviction under a city ordinance. The amendment relied on was made by adding to the section as quoted the following sentence:

"A person having once been convicted in any city or municipal court, or before a city justice of the peace, for having violated a city ordinance prohibiting the manufacture, sale, keeping or storing for sale or offering or exposing for sale, or carrying, presenting, advertising, distributing, giving away, exchanging, disposing or serving of liquors, and who thereafter violates any of the provisions of this title, shall be considered a persistent violator of this title as provided in this section."

Notwithstanding the obvious fact that the offenses enumerated in the amendment do not expressly include knowingly having intoxicating liquor in one's possession without authority, the state's attorney nevertheless insists that such offense is included by implication or intendment, and that the statute should be so construed. There would be more force in this contention were it not for the fact that the Legislature in section 3343, above quoted, after enumerating

specifically the same offenses as those enumerated in the amendment to section 3345 upon which the state's attorney relies, then created a separate and distinct offense. The last sentence of the section reads:

"It shall be unlawful for any person within this state knowingly to have, in his * * * possession any intoxicating liquors, except as in this title provided."

If the contention of the state's attorney in the instant case is correct, then the addition to section 3343 of the sentence last quoted was wholly unnecessary, and serves no useful purpose. If any one of the offenses enumerated in the first sentence of the section by implication or intendment includes knowingly having intoxicating liquors in one's possession without authority, then why was the last sentence added? These considerations lead irresistibly to the conclusion that the Legislature in framing the amendment to section 3345 either omitted, by inadvertence, the offense of knowingly having intoxicating liquors in one's possession without authority, or deliberately intended that conviction for such offense under a city ordinance should not constitute a basis for subsequently charging the person so convicted with a felony. We know of no reason why a city, under existing statutes, may not create the offense in question and provide for the punishment thereof to the extent of its jurisdiction and power, but, under the law as it now stands, we are compelled to hold that conviction for such offense under a city ordinance forms no basis for a charge of felony against the person so convicted.

The judgment of the trial court dismissing the action is affirmed.

CORFMAN, C. J., and WEBER, GIDEON, and FRICK, JJ., concur.