FOURNET, Chief Justice.
 

 The defendant, Joseph Duncan, was convicted in the City Court of Baton Rouge of unlawfully operating a motor vehicle while under the influence of intoxicating liquor, in violation of Article 98, Louisiana Criminal Code, LSA-RS 14:98, and sentenced as a second offender to seven months in the parish jail, the judge having taken judicial notice of the fact that the defendant had been previously convicted in the City Court of a similar offense under an ordinance of the City of Baton Rouge and having decided that this was a second conviction within the meaning of paragraph 3 of the above article, although the affidavit does not allege any previous conviction.
 

 It is the contention of the appellant that (1) the prior conviction for a similar offense in violation of a city ordinance does not constitute a “conviction” within the contemplation of Article 98 of the Criminal Code, so as to subject the convicted person to heavier penalties for the second offense; and (2) in the absence of an allegation in the affidavit that appellant had previously been convicted of violating the same article of the Criminal Code, the judge could not take notice of any previous conviction, regardless of its nature.
 

 
 *1033
 
 The appellant’s position with re-aspect to his first point is well taken. Obviously, those who drafted the Criminal Code, and the Legislators (by adopting the same), were impressed with the beneficence and wisdom of the generally accepted rule of construction that “In absence of a statute providing otherwise, a statute authorizing a more severe punishment to be inflicted upon one convicted of a second or subsequent offense is highly penal, and should be strictly construed and not extended in its application to cases which do not by the strictest construction come under its provisions”, 24 C.J.S., Criminal Law, § 1959a; see, also, Underhill’s Crim.Ev., 4th Ed., 820; for not only is this clearly indicated by a reading of Article 98 in its entirety but is unmistakably shown by the provisions of Article 7 of the Criminal Code, LSA-RS 14:7, declaring: “A crime is that conduct which is defined as criminal in this Code, or in other acts of the legislature, or in the constitution of this state.”
 

 The State in its brief concedes it “has not been able to find any law or authorities which support the judgment rendered by the City Judge in this case;” and has favored the Court with pertinent citations to the contrary, i. e., that a prior conviction of an offense under a city ordinance is not a basis for a subsequent conviction under the state statutes, among these being State v. Parris, 89 S.C. 140, 71 S.E. 808, and State v. Hurst, 59 Utah 543, 205 P. 335, 58 A.L.R. 38; but it contends that inasmuch as the defendant was sentenced to only seven months, and the maximum of eight months is permitted for a first offense, the defendant has no cause to complain, his sentence being within the limit provided.
 

 This argument is untenable because the judge, according to the record, in imposing this sentence obviously was influenced by the prior conviction he thought he was authorized to consider in imposing the sentence as a second offender. The case will therefore have to be remanded in order that the trial judge may legally sentence the defendant as a first offender. State v. Daniel, 141 La. 423, 75 So. 102; State v. Habighorst, 163 La. 552, 112 So. 414.
 

 Having reached this conclusion, it is not necessary to consider the second point urged by the appellant.
 

 For the reasons assigned, the sentence of the City Court of the City of Baton Rouge is annulled and set aside, and the case is remanded to the lower court for sentence according to law.