MARCUS, Justice.
John Nelson Benoit was charged by bill of information as a fourth offender in the Fifteenth Judical District Court for the Parish of Lafayette for operating a motor vehicle on a public highway on November 30, 1973 while under the influence of alcoholic beverages in violation of the provisions of R.S. 14:98. After trial by a jury of twelve, he was found guilty of operating a motor vehicle while intoxicated, fourth offense. Defendant was subsequently sentenced as a fourth offender to fifteen years at hard labor. On this appeal, he relies upon one assignment of error for reversal of his conviction and sentence.
Defendant objected to the state’s introduction into evidence of the Lafayette City Court records offered to prove the prior DWI convictions necessary to establish that the instant offense was a fourth offense.
Defendant argues that the record shows that the documents evidencing convictions used to prove the earlier convictions establishes that three of the prior convictions were for violations of a Lafayette city ordinance (Code 22-0025) and not convictions for violations of R.S. 14:98. He therefore contends that these convictions cannot form the basis for charging him as a fourth offender.
The state argues that the prosecutions for violations of the Lafayette city ordinance are rendered prosecutions under R.S. 14:98, by virtue of the provisions of La.R.S. 13:1894.1, as enacted by Acts 1970, No. 233, § 1 and as amended by Acts 1973, No. 82, § 1, which reads in pertinent part:
Notwithstanding any other provision of law to the contrary, including the provisions of R.S. 13:1871, on and after July 29, 1970 all prosecutions in any city, parish or municipal court, the city, municipal and traffic courts of the City of New Orleans excepted, based on or arising out of the operation of a vehicle by a person while intoxicated shall be charged and prosecuted solely under the provisions of R.S. 14:98. Any conviction for a first or second offense or the entry of a plea of guilty and sentence based on such plea or the forfeiture of bail of any person having been charged with a first or second violation of R.S. 14:98 in any such city, parish or municipal court shall be punishable in accordance with the provisions of ' R.S 14:98(B) or (C), whichever is applicable.
For the purposes of this section all city, parish and municipal courts shall have concurrent jurisdiction with the district courts over violations otherwise subject to their jurisdiction provided for by R.S. 14:98 except in those cases wherein the person or defendant is charged as a third or subsequent offender under the provisions of R.S. 14:98(D) and (E). If the charge is for a third or subsequent offense the prosecution shall be had only in the district court and the defendant shall have the right to a trial by jury. Provided however that mayors’ courts shall have no jurisdiction whatsoever over violations as provided for by R.S. 14:98, nor to the trial of offenses against municipal ordinances' relative to prosecutions on charges of driving while intoxicated.
(Emphasis added.)
*859 The state is incorrect in its contention. R.S. 13:1894.1, as amended, clearly provides that, after July 29, 1970 (the city, municipal and traffic courts of the City of New Orleans excepted), the prosecution in any city, parish or municipal court based on or arising out of the operation of a vehicle by a person while intoxicated shall be charged and prosecuted solely under the provisions of R.S. 14:98. The language of this statute is clear and free from ambiguity-
Defendant contends that the state is prohibited from using prior DWI convictions to enhance the penalty under R.S. 14:98 except where the convictions are based upon violations of state law (R.S. 14:98). Therefore, he argues that the prior DWI convictions, based upon violations of the Lafayette city ordinance, were improperly used to enhance the penalty in this case. We agree.
The bill of information lists four prior DWI convictions in the Lafayette City Court. The record reveals that three of these prior convictions were for violations of Code 22-0025, operating a vehicle while intoxicated; the fourth conviction appears as a violation of “14-0098 — Operation of a vehicle while intoxicated.” Hence, only one of these prior convictions, upon which the state relies to support the charge as a fourth offender, was based upon a conviction for violating R.S. 14:98. Therefore, it appears that the conviction would only have supported a charge of driving while intoxicated, second offense.
In State v. Duncan, 219 La. 1030, 55 So.2d 234 (1951), we held that a DWI conviction under a city ordinance is not a prior conviction such as will render the enhanced penalty provisions of R.S. 14:98 applicable. In City of Baton Rouge v. Mahnken, 260 La. 1002, 257 So.2d 690 (1972), it was noted that the main purpose of R.S. 13:1894.1 was to require the prosecution of DWI offenses under state statute (R.S. 14:98) so that second and subsequent offenses could be prosecuted as such under R.S. 14:98. To accomplish this end, the legislature made all city and parish DWI ordinances illegal. In spite of the provisions of R.S. 13:1894.1, three of the four prior prosecutions against this defendant were brought under the city ordinance proscribing driving while intoxicated. Therefore, the convictions based upon these prosecutions cannot form the basis for this DWI, fourth offense, prosecution.
Since only the prior conviction obtained by prosecution under R.S. 14:98 can be used to seek an enhanced penalty for conviction of R.S. 14:98, we must reverse defendant’s conviction and sentence for driving while intoxicated, fourth offense.
We are unable to annul and set aside the sentence as a fourth offender and remand for sentencing as a second offender for the following reasons. First, the punishment for a second offender under R.S. 14:98 is a fine of not less than $125.-00 nor more than $500.00 and imprisonment for not less than 125 days nor more than 6 months. This is a misdemeanor. La.Code Crim.P. art. 933(3) and (4). In March, 1974, when this matter was tried, the offense was the type of misdemeanor that was required to be tried by the court without a jury. La.Const, art. 7, § 41 (1921); La.Code Crime.P. art. 779 (1968). This is likewise true under the amendment to article 779. La.Acts 1974, Ex.Sess. No. 23, § 1, eff. Jan. 1, 1975. Hence, under a charge as a second DWI offender, it is mandatory that the case be tried by the court without a jury. However, defendant, having been charged as a fourth offender, was tried and convicted by a jury of twelve. Hence, defendant was tried and convicted by a tribunal not in conformity with law. Therefore, we must reverse both the conviction and sentence and remand for a new trial. Additionally, even assuming defendant had been tried by a proper tribunal, we must nonetheless reverse the conviction and sentence and remand for a new trial. This conclusion is based upon the fact that the bill of information included the instant charge and four other DWI convictions; and we are *860 unable to determine which three of the four prior convictions the jury found to have been proved — it is possible that the jury considered the convictions for the three violations of city ordinances proved, but not the prior R.S. 14:98 conviction.
DECREE
For the reasons assigned, the conviction and sentence are reversed, and the matter is remanded for a new trial.