WRIT DENIED.
In 1982, defendant entered guilty pleas to two separate charges of DWI, first offense, in the Fourth Judicial District Court. By Acts of 1983, No. 634, Section 1, effective January 1, 1984, LSA-R.S. 14:98 was amended. Subsequently, defendant was charged with two separate charges of DWI, third offense. Defendant filed motions to quash both bills of information, arguing that the amendment to the statute changed the definition of the offense and therefore, the prior convictions could not serve as a basis for a more severe penalty for these offenses. The trial court overruled the motions to quash and defendant now seeks review.
Defendant cites several cases in which the Louisiana Supreme Court held that DWI offenses under city and municipal statutes could not be used to enhance penalties under LSA-R.S. 14:98. The court ruled that only the convictions under LSA-R.S. 14:98 could be used to enhance the penalty for a later violation. State v. Be-noit, 311 So.2d 857 (La.1975); State v. Duncan, 55 So.2d 234 (La.1951); City of Baton Rouge v. Mahnken, 257 So.2d 690 (La.1972).
Here, defendant was charged in all instances with violation of the same statute, LSA-R.S. 14:98. Although the statute has been amended, the amendments did not so substantially change the statute to make it a different one for the purpose of the enhancement of penalty. Therefore, defendant’s argument is without merit and his application to this court is denied.