PER CURIAM.
When we granted writs in this case, our principal concerns were that relator had been tried by the wrong number of persons on his conviction in 1958 for attempted simple burglary, and that the state’s use of his two 1971 felony convictions in its multiple bill, the basis for the trial court’s adjudication of relator as a fifth offender, violated the rule of State v. Simmons, 422 So.2d 138 (La.1982). A review of the record now before us indicates that defendant was properly tried by a jury of twelve persons in 1958, and that any violation of the Simmons rule was harmless, as relator received the minimum penalty of twenty years at hard labor for a fourth offender, the highest classification under La.R.S. 15:529.1. In addition, we find that relator has failed to carry his burden of proving that counsel labored under an actual conflict of interest that adversely affected his performance at trial in 1962 for armed robbery. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Accordingly, we recall the writ as improvidently granted.